3:24-cv-579

**TRO Request and Complaint**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**CAMERON DOYLE CHURCH, Pro Se**
1605 McKinley Drive
Reno, NV 89509
775-420-8577
Madeinreno775@gmail.com

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION**
**TO HALT SYSTEMIC MISCONDUCT AND CONSTITUTIONAL VIOLATIONS**

## I. INTRODUCTION

Plaintiff Cameron Doyle Church seeks a Temporary Restraining Order (TRO) and Preliminary Injunction to address ongoing violations of constitutional rights, systemic misconduct, and misuse of federal funding perpetuated by the Washoe County District Attorney's Office, the Public Defender's Office, and associated legal entities. Plaintiff's experiences, including the December 5th Young hearing, exemplify the rampant disregard for procedural and constitutional safeguards. Plaintiff demands immediate relief to halt these practices and ensure accountability.

## II. STATEMENT OF FACTS

### 1. Improper Initiation of the December 5th Young Hearing

- The Young hearing was initiated without Plaintiff's consent or proper notice, violating the Sixth and Fourteenth Amendments.
- Plaintiff's explicit objections to the hearing were disregarded, and its purpose was misrepresented as being in Plaintiff's best interest.

### 2. Failure to Define or Address Witnesses

- During the December 5th hearing, the presiding judge failed to recognize the role of witnesses, undermining Plaintiff's defense strategy.
- This fundamental misunderstanding raises questions about judicial competence and impartiality.

**3. Collusion Between Prosecutors and Defense Attorneys**

- Evidence demonstrates coordinated efforts between public defenders and the prosecution to suppress Plaintiff's filings, delay proceedings, and neutralize legal challenges.
- Defense attorneys initiated multiple Young hearings without Plaintiff's request, diminishing Plaintiff's autonomy and ability to participate in his defense.

**4. Suppression of Evidence and Non-Compliance with FOIA Requests**

- Exculpatory evidence has been suppressed or mishandled, violating Brady v. Maryland and Plaintiff's due process rights.
- Defendants have systematically ignored Plaintiff's multiple FOIA and public records requests, further obstructing transparency and access to critical case materials.
- These failures are part of a broader pattern of obstruction aimed at preventing Plaintiff from substantiating his claims of systemic misconduct and mounting a proper defense.

**5. Systemic Retaliation**

- Plaintiff's pro se filings and objections to procedural violations have been met with retaliatory tactics, including repeated competency-related hearings and excessive bail practices.

**6. Harm from FOIA Non-Compliance**

- Plaintiff's inability to obtain FOIA-requested materials has directly impeded his ability to prepare a defense by:
  - Obstructing access to critical communications and discovery materials relevant to his claims.
  - Preventing Plaintiff from demonstrating patterns of misconduct, including collusion between prosecutors and defense counsel.
  - Undermining Plaintiff's efforts to ensure procedural transparency, compounding emotional distress and financial burden.

# III. LEGAL STANDARD FOR TRO

Under **Rule 65(b) of the Federal Rules of Civil Procedure**, a TRO is warranted where:

1. Plaintiff demonstrates a likelihood of success on the merits.
2. Plaintiff faces irreparable harm without preliminary relief.
3. The balance of equities tips in Plaintiff's favor.
4. An injunction serves the public interest (*Winter v. NRDC, Inc.*, 555 U.S. 7 (2008)).

## IV. ARGUMENT

### A. Likelihood of Success on the Merits

Plaintiff's claims of systemic misconduct and constitutional violations are supported by documented evidence:

1. **Due Process Violations**:
   - The December 5th Young hearing exemplifies procedural abuse, where Plaintiff's objections and rights were disregarded.
2. **Ineffective Assistance of Counsel**:
   - Public defenders failed to advocate for Plaintiff, instead aligning with prosecutorial interests (*Strickland v. Washington,* 466 U.S. 668 (1984)).
3. **Judicial Bias**:
   - The presiding judge's failure to define or address the role of witnesses highlights a lack of impartiality (*In re Murchison,* 349 U.S. 133 (1955)).
4. **Suppression of Evidence and FOIA Non-Compliance**:
   - Brady violations and the refusal to respond to FOIA requests materially affected Plaintiff's ability to mount a defense (*Brady v. Maryland,* 373 U.S. 83 (1963)).
   - The suppression of critical discovery materials directly obstructed Plaintiff's ability to understand the evidence against him and prepare an adequate defense.
5. **Pattern of Systemic Retaliation**:
   - Plaintiff's experiences reflect a broader pattern of systemic abuse designed to suppress legal advocacy and undermine procedural fairness.

### B. Irreparable Harm in the Absence of TRO

Without immediate relief, Plaintiff faces:

- Continued use of competency hearings to suppress defense efforts.
- Denial of access to key evidence and procedural transparency.
- Ongoing emotional and psychological distress caused by systemic retaliation and the lack of response to lawful FOIA requests.

### C. Balance of Equities

The harm to Plaintiff's constitutional rights and defense efforts far outweighs any inconvenience to Defendants. A TRO ensures procedural fairness without hindering legitimate judicial processes.

### D. Public Interest

Granting the TRO promotes transparency, accountability, and adherence to constitutional principles, which are critical to public trust in the justice system. Addressing FOIA non-compliance protects the broader public interest by ensuring government accountability and upholding the right to access public records.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. **Halt All Competency-Related Hearings**:
   - Suspend pending and future Young hearings unless explicitly requested by Plaintiff.
2. **Judicial Recusal**:
   - Remove Judge Barry Breslow from Plaintiff's case to ensure impartiality.
3. **Transparency Order**:
   - Mandate disclosure of all sealed records, off-the-record communications, and procedural filings related to Plaintiff's case.
4. **Preservation and Release of Evidence**:
   - Order Defendants to preserve all records, emails, and communications concerning the December 5th hearing and related proceedings.
   - Require immediate production of all discovery materials, including documents responsive to FOIA requests and communications relevant to Plaintiff's case.
5. **Cease Retaliatory Tactics**:
   - Bar Defendants from taking adverse actions against Plaintiff for asserting his rights.
6. **Investigate Systemic Corruption**:
   - Initiate a federal investigation into the misuse of federal funds and systemic misconduct in Washoe County. Emphasize the broader public interest in preventing similar abuses against other defendants.
7. **Sanctions**:
   - Impose $5,000,000 in sanctions against the Defendants collectively for their willful and malicious violations of Plaintiff's constitutional rights, including the suppression of evidence, retaliatory actions, and non-compliance with FOIA obligations.
   - This amount reflects the cumulative harm caused, including:
     - Emotional distress and psychological impact of retaliatory actions.
     - Financial burdens stemming from prolonged delays, withheld evidence, and legal expenses.
     - The need for systemic deterrence to prevent further abuses within Washoe County's judicial system.
8. **FOIA Compliance**:
   - Order Defendants to comply immediately with all outstanding FOIA and public records requests, ensuring transparency and accountability in the handling of Plaintiff's case materials.

**Respectfully Submitted,**

Expanded Argument for Sanctions as Part of Temporary Restraining Order

1. Severity of Systemic Misconduct and Personal Harm Over Decades
The misconduct I'm experiencing isn't an isolated event; it's part of a systematic pattern that has affected my life since I was a child. This isn't just about one prosecutor or one defense attorney acting improperly—it's an entire system operating to grind individuals down, maintain control, and prioritize convictions and penalties over justice. This system has stolen entire decades of my life, repeatedly targeting me in ways that show utter disregard for fair treatment and due process. My history with this system is long, but key recent events highlight the level of abuse and misconduct that continues unabated.

Double Jeopardy Violations: The prosecution's ongoing attempts to charge me repeatedly for the same or related issues is a clear violation of Double Jeopardy protections. This tactic not only undermines my rights but also places an unending legal burden on me, forcing me to fight the same battles over and over without any clear resolution. The fact that I am being forced to relive and re-litigate events as a tactic to wear me down is in itself an extraordinary abuse of power.

Richard Joyce Case and Selective Justice: Richard Joyce, who committed a violent act against me, was allowed to walk free. His bail was reduced from $150,000 to $500 simply because I was the victim, while my own bail has been excessively high for far less severe or even non-violent charges. This discrepancy in treatment highlights the selective, retaliatory nature of the prosecutorial system here—when I am the victim, justice is withheld; when I am the accused, the system pursues maximum penalties. This selective application of justice has placed me in a permanent state of vulnerability, where even as a victim, I receive no protection or support.

Illegal Amendments and Evidence Obstruction: The DA's office has repeatedly amended charges and probable cause statements without notifying me, effectively reconfiguring the case to maintain leverage over me without due process. Furthermore, they have withheld even the evidence that I provided, which would serve in my defense. This tactic—manipulating evidence and denying me access to my own case materials—is an extraordinary abuse of their legal powers, depriving me of any fair opportunity to build a defense.

Systemic Stonewalling of FOIA Requests: I have filed multiple FOIA requests for evidence, case materials, and internal communications related to my cases and Richard Joyce's case, and each has been systematically ignored or denied. This obstruction prevents me from understanding the full scope of the prosecution's actions, from seeing how decisions are being made, and from gathering the evidence I need to protect myself.

2. Cumulative Financial Losses and Economic Impact

The ongoing misconduct has had severe financial consequences, exacerbated by a career derailed by the justice system. My current and past legal battles have forced me into unemployment, drained my resources, and blocked my ability to earn a stable income. I have been effectively kept out of the workforce, unable to pursue regular employment, and compelled to spend extensive time on self-representation. This financial impact is not a temporary setback but a lifelong loss in wages and career potential.

Lost Wages and Career Opportunities: Had I been allowed fair treatment, I would have had the chance to build a stable career, save, and support myself. Instead, I have lost years of income, suffered the erosion of my professional reputation, and have been forced to sacrifice employment opportunities that I would otherwise have earned. Compounding this is the fact that I've been caught up in this cycle since I was a child, enduring a system that has continually prevented me from achieving financial security or independence.

Legal and Personal Costs: I have incurred ongoing expenses in my attempts to defend myself, including court fees, resubmitted FOIA requests, and consultation costs with attorneys who refuse to fully represent me but still charge for minimal guidance. These financial burdens are directly tied to the obstruction and denial of my basic rights.

3. Intentional Infliction of Emotional Distress (IIED) and Lifelong Psychological Harm
The psychological toll of this unending cycle of prosecution, punishment, and obstruction has had a devastating impact on my mental health. I am forced to navigate a legal system that not only targets me but seems designed to erode my ability to trust, cope, or seek fair treatment. Each time the DA's office stonewalls my requests or adds new, unnecessary charges, it's a reminder that I have no recourse or voice in a system meant to protect my rights.

Constant Fear and Trauma: The treatment I have endured is tantamount to psychological torture. Knowing that, at any moment, a new charge can be brought against me, or that my rights as a victim can be ignored, has created an unrelenting state of fear and trauma that has disrupted every aspect of my life. My mental health has suffered from years of unpredictable, retaliatory legal actions, which have placed me in a permanent defensive stance.

Loss of Personal Autonomy and Dignity: Being repeatedly denied access to evidence, prevented from finding effective legal representation, and subjected to excessive bail and manipulated charges has stripped me of my dignity. I have been dehumanized by this system, which has treated me as a means to an end, rather than as a person deserving of fair treatment.

4. Long-Standing Pattern of Institutionalized Misconduct
This case goes beyond personal grievances—it reveals an institutionalized pattern of abuse that mirrors, and perhaps exceeds, the infamous "Kids for Cash" scandal. While that scheme traded children's freedom for financial profit, my experience has revealed a system of justice that thrives on the perpetual oppression of individuals, feeding off their vulnerability and targeting

those who lack resources or support. This systemic abuse has entangled me since childhood, stripping me of my 20s for a minor offense and now, yet again, using every tactic at its disposal to keep me trapped in legal limbo.

Bail as a Tool of Coercion: Excessive bail amounts have been repeatedly imposed as a coercive tool, used to keep me in custody or force plea deals. Unlike violent offenders like Richard Joyce, who benefited from a reduced bail, I have been penalized with high bail for far less. This punitive use of bail as leverage is a tactic rooted in systematic abuse, not justice.

Pattern of Collusion and Retaliation: Public defenders, clerks, and prosecutors seem to operate as a unit, coordinating actions that all serve to deny my right to a fair defense. Every office, every agent involved in this case has acted in ways that sustain the system's power, not justice. This network of collusion creates a judicial system indistinguishable from organized crime, where everyone plays a part in upholding an abusive structure.

5. Importance of Institutional Accountability and Precedent Setting
This isn't just a request for compensation—it's a demand for institutional accountability within a system that has failed to regulate itself. By imposing a substantial sanction, the court has a unique opportunity to set a critical precedent: that repeated rights violations and systematic oppression will carry serious consequences. Without this financial and public accountability, the legal system is incentivized to continue its abusive practices, harming countless individuals beyond my case.

Protecting Future Defendants and Victims: This pattern of misconduct goes beyond me—it endangers every person who enters this legal system, particularly those without resources or knowledge of their rights. By failing to hold the DA's office, public defenders, and court clerks accountable, the system will continue to operate unchecked, resulting in widespread harm that mirrors and even surpasses the notorious "Kids for Cash" scandal. The sanctions imposed should therefore serve a larger function, protecting future defendants and victims from a cycle of oppression that has persisted without consequence.

Systemic Reformation Signal: A sanction at this level would force a necessary shift within the system, mandating that the DA's office, public defenders, and judiciary adopt and adhere to protocols that ensure fair treatment, transparency, and accountability. The current environment has no incentive to change; a meaningful financial sanction would create a shift in behavior, signaling that institutional misconduct is not only unacceptable but costly.

6. Broader Community Impact and Societal Harm
The abusive practices in this case extend beyond individual harm—they impact the entire community's trust in the legal system. When the justice system prioritizes convictions over truth, and punishment over fairness, it undermines the very fabric of societal trust. Each instance of misconduct in my case erodes public faith in a system that should uphold justice, not circumvent

it. My case is just one example of how an unchecked system can devastate individuals' lives, families, and communities.

Loss of Public Confidence: The actions taken by the DA's office, public defenders, and other officials have a cascading effect on community trust. When those entrusted with the duty to uphold justice systematically violate rights and manipulate the law, it creates an environment where the community loses faith in the judicial process altogether. The sanctions in this case should serve as a warning and a remedy—a tangible step toward restoring public confidence by demonstrating that the justice system is willing to hold itself accountable.

Ripple Effect of Systemic Abuse: My experience isn't unique; it reflects a larger culture of abuse that likely impacts many others who, unlike me, may not have the resources or resilience to fight back. This is a system that creates "justice for profit" scenarios through excessive charges, inflated bail, and forced plea deals, echoing the motivations behind the "Kids for Cash" scandal but on a much broader scale. The sanctions should reflect the broader harm that this culture of unchecked power has inflicted on entire communities.

### 7. Legal Precedents Supporting Systemic Accountability

This case stands at the intersection of due process, equal protection, and fundamental rights violations. Legal precedents affirm that when officials act in bad faith or engage in systemic abuse, substantial sanctions are necessary to address and deter such behavior. Cases like Chambers v. NASCO, Inc. and Goodyear Tire & Rubber Co. v. Haeger underscore the court's authority and responsibility to impose sanctions that match the scale and severity of the harm done.

Chambers v. NASCO, Inc. (1991): The Supreme Court upheld monetary sanctions, including attorney's fees, for bad-faith litigation conduct, emphasizing that courts have broad discretion to impose sanctions to deter misconduct and compensate those harmed. In this case, the misuse of prosecutorial power, obstruction of evidence, and retaliation against the victim are blatant examples of bad-faith litigation conduct, justifying a significant financial sanction.

Goodyear Tire & Rubber Co. v. Haeger (2017): The Court held that sanctions should be compensatory rather than punitive but acknowledged the need to "make whole" the harmed party. This case supports a large sanction that compensates for the direct financial losses, psychological harm, and broader societal impact resulting from the misconduct in my case.

### 8. Proposed Sanctions Amount and Justification

To address the profound and multi-layered harm caused by this ongoing misconduct, I am seeking sanctions in the amount of $3 million to $5 million. This figure is supported by the need to:

Compensate for Decades of Lost Income and Opportunities: The sanctions should recognize the economic toll exacted on my life, from missed wages and lost career advancement to the need for ongoing financial stability due to a broken system.

Account for Lifelong Emotional Trauma: The psychological harm inflicted by this system is severe, lasting, and directly tied to the DA's office, public defenders, and other officials' deliberate actions. This amount includes compensation for the severe IIED I have experienced as a result of their sustained pattern of misconduct.

Ensure a Strong Deterrent Effect: A significant financial sanction is essential to create a deterrent within this judicial system and to protect future defendants, victims, and citizens from enduring the same abuses.

Acknowledge the Systemic Impact and Public Harm: The damages sought in this sanction should serve as a clear message that rights violations, especially those committed systematically and in bad faith, will not go unanswered.


Conclusion
The sanctions requested are not only justified but essential to begin repairing the vast harm that this system has inflicted on me personally and on the community as a whole. This is not just about my case; it is about setting a precedent that protects others from a pattern of abuse that has persisted unchecked. The court has an opportunity to hold this network of actors accountable, to send a clear message that systematic violations of due process, fair treatment, and transparency will carry real consequences. I respectfully urge the court to grant these sanctions to compensate for the financial, psychological, and societal harm sustained and to act as a catalyst for long-overdue reform within this judicial system.