

Cameron Doyle Church, Pro Se
1605 McKinley Drive
Reno, NV 89509
(775) 420-8577
Madeinreno775@gmail.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **CAMERON DOYLE CHURCH,**<br><br>Plaintiff,<br><br>vs.<br><br>**BARRY BRESLOW,** IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br>**AZIZ MERCHANT,** IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br>**PATRICK MCGINNIS,** IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br>**GALEN CARRICO,** IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br>**WASHOE COUNTY PUBLIC DEFENDER'S OFFICE;**<br>**WASHOE COUNTY DISTRICT ATTORNEY'S OFFICE;**<br>**SECOND JUDICIAL DISTRICT COURT;**<br>**WASHOE COUNTY;**<br>**CITY OF RENO,**<br><br>Defendant | Case No.: **3:24-cv-00579-ART-CSD**<br><br>AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMS<br><br>JURY TRIAL DEMANDED |

### Introduction

This case arises from a systemic campaign of retaliation, abuse of power, and racketeering activity orchestrated by Defendants against Plaintiff Cameron Doyle Church, a pro se litigant exercising his constitutional rights. Central to this case is the December 5, 2024 hearing, during which Defendants—acting under color of law—committed egregious acts designed to suppress Plaintiff's advocacy and retaliate against him for challenging their authority.

At the December 5 hearing, Defendants:

- Threatened Plaintiff with contempt for filing pro se motions.
- Ordered unwarranted competency evaluations without basis.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 1

- Conducted off-the-record proceedings to exclude favorable witnesses and evidence.

These actions were not isolated but part of a broader pattern of retaliatory and abusive conduct aimed at silencing Plaintiff and obstructing justice. Defendants escalated their misconduct following the hearing:

- On December 9, 2024, a psychiatric evaluation order was issued, falsely claiming Plaintiff was incompetent.

- On December 16, 2024, Defendants filed a premature Order to Show Cause (OSC) demanding compliance with the evaluation two months before the deadline.

- When Plaintiff filed a federal lawsuit under 42 U.S.C. § 1983 against Judge Barry Breslow for constitutional violations, retaliation intensified. On December 17, 2024, Defendants issued a bench warrant for failure to appear at the OSC hearing, and by December 19, 2024, they imposed a no-bail hold and authorized extradition.

These retaliatory actions inflicted severe emotional distress, financial ruin, and irreparable reputational harm. Defendants' conduct transcends mere negligence—it constitutes a willful abuse of power, violating Plaintiff's constitutional rights and necessitating federal oversight and reform.

**Ethical and Canon Violations**

Defendants' actions also violated judicial canons and ethical standards:

1. **Judicial Misconduct and Bias**:

   o **Judicial Impartiality**: Judge Barry Breslow violated Nevada Code of Judicial Conduct (NCJC) Rule 2.11, which mandates recusal where impartiality is reasonably questioned. His retaliatory threats, suppression of motions, and unwarranted competency orders demonstrate clear bias.

   o **Integrity and Propriety**: NCJC Rule 1.2 requires judges to act with integrity and avoid impropriety. Off-the-record hearings, retroactive nunc pro tunc orders, and procedural manipulation blatantly undermine these principles.

2. **Prosecutorial Misconduct**:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 2

    o  **Failure to Seek Justice**: Prosecutor Aziz Merchant violated Nevada Rules of Professional Conduct (NRPC) Rule 3.8, which obligates prosecutors to pursue justice rather than convictions. His suppression of exculpatory evidence and collusion with defense counsel breach these duties.

    o  **Harassment and Intimidation**: Merchant also violated NRPC Rule 4.4(a) by engaging in actions designed to harass Plaintiff, including retaliatory OSC filings and baseless bench warrants.

3.  **Ineffective Assistance of Counsel:**

    o  **Neglect of Client's Interests**: Defense Counsel Galen Carrico violated NRPC Rule 1.3 by failing to diligently represent Plaintiff, filing motions contrary to Plaintiff's explicit instructions, and colluding with the prosecution.

    o  **Conflict of Interest**: NRPC Rule 1.7 prohibits conflicts of interest, yet Carrico's alignment with the prosecution compromised Plaintiff's defense.

### Immunity Exceptions for Defendants' Actions

Defendants cannot invoke judicial, prosecutorial, or qualified immunity to shield their conduct because their actions:

1.  **Exceed Official Capacities**: Defendants engaged in administrative, retaliatory, and extra-judicial conduct outside their roles.

2.  **Violate Clearly Established Rights**: The First, Sixth, and Fourteenth Amendments prohibit the retaliatory and procedurally abusive actions outlined herein.

### Judicial Immunity

Judicial immunity does not protect actions that:

- Are administrative or procedural, such as off-the-record hearings and suppression of evidence.
- Exceed jurisdictional authority, such as issuing retaliatory competency evaluations without basis or jurisdiction. Under *Stump v. Sparkman* (435 U.S. 349 (1978)), immunity fails when judges act outside legitimate judicial scope. Judge Breslow's conduct, including procedural manipulation and punitive nunc pro tunc orders, falls squarely into this exception.

### Prosecutorial Immunity

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 3

Prosecutorial immunity is limited to judicial advocacy functions and does not apply to:

- Administrative misconduct, including suppressing exculpatory evidence or filing baseless OSCs.

- Retaliatory actions aimed at harassing Plaintiff. As established in *Burns v. Reed* (500 U.S. 478 (1991)), administrative misconduct lies outside the protections of prosecutorial immunity. Merchant's retaliatory acts and collusion clearly fall into this category.

### Qualified Immunity

Qualified immunity fails when government actors violate "clearly established law." Defendants' actions violated:

- **First Amendment**: Retaliation for pro se filings and protected advocacy (*Hartman v. Moore*, 547 U.S. 250 (2006)).

- **Fourteenth Amendment**: Procedural due process rights (*Goldberg v. Kelly*, 397 U.S. 254 (1970)). Their systematic suppression of motions and manipulation of proceedings represent deliberate constitutional violations.

### Conclusion

This complaint seeks to hold Defendants accountable for First Amendment retaliation, Sixth and Eighth Amendment violations, due process and equal protection violations, and racketeering under both federal and state law. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, and treble damages under RICO to redress the systemic harm caused by Defendants' unlawful conduct.

### Jurisdiction and Venue

### Federal Question Jurisdiction (28 U.S.C. § 1331)

This Court has jurisdiction over Plaintiff's claims under **42 U.S.C. § 1983** for violations of the **First, Sixth, Eighth, and Fourteenth Amendments** to the U.S. Constitution. The misconduct exemplified at the December 5, 2024 hearing demonstrates these violations:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 4

- **First Amendment Retaliation**: Judge Barry Breslow threatened Plaintiff with contempt for filing pro se motions, violating the constitutional right to petition the government for redress of grievances (*Hartman v. Moore*, 547 U.S. 250 (2006)).

- **Sixth Amendment Violations**: Unwarranted competency evaluations obstructed Plaintiff's right to self-representation (*Faretta v. California*, 422 U.S. 806 (1975)) and a speedy trial (*Barker v. Wingo*, 407 U.S. 514 (1972)). These actions served as punitive measures rather than legitimate judicial functions.

- **Fourteenth Amendment Due Process**: Off-the-record hearings and the suppression of exculpatory evidence deprived Plaintiff of a fair hearing (*Goldberg v. Kelly*, 397 U.S. 254 (1970)). These actions were calculated to manipulate the record and undermine Plaintiff's defense.

### Civil Rights Jurisdiction (28 U.S.C. § 1343(a)(3))

This Court also has jurisdiction over Plaintiff's civil rights claims under **42 U.S.C. § 1983**, which provides a cause of action for constitutional violations committed under color of state law. Defendants' systemic misconduct at the December 5 hearing supports these claims:

- **Retaliatory Threats**: Judge Breslow's contempt warnings against pro se filings lacked legitimate grounds and were intended to silence Plaintiff, violating principles established in *Bordenkircher v. Hayes*, 434 U.S. 357 (1978).

- **Procedural Manipulation**: Suppression of motions and exclusion of witnesses denied Plaintiff meaningful access to the courts, a right guaranteed by *Bounds v. Smith*, 430 U.S. 817 (1977).

### RICO Jurisdiction (18 U.S.C. § 1964(c))

This Court has jurisdiction over Plaintiff's claims under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968**, which provides a civil remedy for individuals injured by racketeering activity. The December 5 hearing and subsequent events demonstrate:

- **Collusion**: Judge Breslow, defense counsel, and prosecutors worked together to suppress Plaintiff's advocacy, obstruct justice, and deprive him of constitutional rights.

- **Pattern of Racketeering Activity**: Defendants engaged in repeated acts, including procedural delays, suppression of evidence, and retaliatory judicial actions, creating continuity and relatedness (*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985); *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989)).

### Supplemental Jurisdiction (28 U.S.C. § 1367)

This Court has supplemental jurisdiction over Plaintiff's state law claims, including violations of the **Nevada RICO statute (NRS 207.400)** and common law torts such as **Intentional Infliction of Emotional Distress (IIED)**. These claims arise from the same nucleus of operative facts as the federal claims and include:

- Emotional and financial harm caused by the December 5 hearing and subsequent retaliation.

### State Constitutional and Statutory Claims

This Court also has jurisdiction over violations of the **Nevada Constitution** and **Nevada Revised Statutes (NRS)**:

- **Article 1, Section 1 (Inalienable Rights):** Defendants obstructed Plaintiff's inherent rights to life, liberty, and the pursuit of happiness by systematically undermining his ability to defend himself.

- **Article 1, Section 8 (Due Process):** Defendants violated Plaintiff's due process rights through off-the-record hearings and evidence suppression, contrary to *State v. Dist. Ct.*, 118 Nev. 609 (2002).

- **Article 1, Section 9 (Right to Speedy Trial):** Procedural delays violated Plaintiff's right to a timely trial, as established in *Coghill v. Bd. of Regents*, 110 Nev. 167 (1994).

### Venue (28 U.S.C. § 1391(b))

Venue is proper in the **District of Nevada** because:

1. All Defendants reside in Nevada.
2. A substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in Nevada, including the December 5 hearing.
3. Property central to the action is located within this jurisdiction.

### Clarification on Accountability

This lawsuit is not an attempt to avoid accountability but a last resort to ensure Defendants are held responsible for systemic misconduct. For two years, Plaintiff engaged with the judicial process in good faith, filing motions, raising objections, and seeking redress. Despite these efforts, Defendants systematically suppressed Plaintiff's motions, manipulated the record, and retaliated against him for asserting his rights. This case aims to protect fundamental constitutional principles and demand accountability for egregious abuses of power.

### Parties

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 6

**Plaintiff**

**Cameron Doyle Church**: A resident of Reno, Nevada, appearing pro se. Plaintiff is the victim of systemic retaliation, procedural abuse, and constitutional violations orchestrated by Defendants acting under color of law.

**Defendants**

1. **Judge Barry Breslow**:

   Presiding judge in the Second Judicial District Court of Nevada, Washoe County. Sued in both his individual and official capacities for:

   o  Filing retaliatory motions, including the premature Order to Show Cause (OSC).

   o  Threatening Plaintiff with contempt for filing pro se motions, suppressing Plaintiff's First Amendment rights.

   o  Conducting off-the-record hearings to manipulate the record and exclude evidence favorable to Plaintiff.

   o  Ordering unwarranted competency evaluations to obstruct Plaintiff's defense, violating due process and equal protection rights.

2. **Second Judicial District Court**:

   The judicial entity overseeing court operations in Washoe County. Sued for its:

   o  Failure to address judicial misconduct.

   o  Enabling of unconstitutional practices, including off-the-record hearings and procedural manipulation.

3. **Aziz Merchant**:

   Deputy District Attorney for Washoe County, sued in both his individual and official capacities for:

   o  Colluding with defense counsel and the court to suppress exculpatory evidence.

   o  Engaging in retaliatory misconduct, including premature OSC filings and the suppression of Plaintiff's advocacy efforts.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 7

o   Violating ethical obligations to seek justice, as required under the Nevada Rules of Professional Conduct.

4.  **Galen Carrico**:

Court-appointed defense counsel, sued in his individual capacity for:

o   Ignoring Plaintiff's explicit directives, such as the refusal to file a Young hearing motion, undermining Plaintiff's defense strategy.

o   Misrepresenting facts and Plaintiff's legal position in court, violating ethical duties of candor and diligence.

o   Colluding with the prosecution to delay proceedings, suppress evidence, and obstruct Plaintiff's defense.

5.  **Washoe County Public Defender's Office**:

Sued for its role in:

o   Assigning incompetent counsel (Galen Carrico) to Plaintiff's case.

o   Failing to provide effective oversight and ensure adequate representation for indigent defendants.

6.  **Washoe County District Attorney's Office**:

Sued for its role in:

o   Enabling prosecutorial misconduct through inaction and failure to address Aziz Merchant's retaliatory actions.

o   Colluding with defense counsel to suppress Plaintiff's ability to defend against the charges.

7.  **Washoe County**:

Sued under *Monell v. Department of Social Services* (436 U.S. 658 (1978)) for maintaining policies and practices that enabled constitutional violations, including:

o   Retaliation against Plaintiff.

o   Procedural abuses and systemic obstruction of justice.

8.  **City of Reno**:

Sued for failing to:

o   Provide oversight of systemic misconduct within its judicial and prosecutorial operations.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 8

o   Address the harm caused by the coordinated actions of its employees and officials.

**Roles and Involvement**

Each Defendant played a distinct and critical role in the systemic misconduct alleged:

1. **Judge Barry Breslow:**

    o   Retaliated against Plaintiff through OSC filings and threats of contempt.

    o   Suppressed exculpatory evidence by conducting off-the-record hearings.

    o   Ordered unwarranted competency evaluations as punitive measures, violating Plaintiff's constitutional rights.

2. **Second Judicial District Court:**

    o   Enabled judicial misconduct by failing to uphold due process and ensure transparency.

    o   Allowed retaliatory actions and procedural abuses that obstructed justice.

3. **Aziz Merchant:**

    o   Colluded with defense counsel to suppress evidence favorable to Plaintiff.

    o   Actively participated in procedural delays and retaliatory actions designed to intimidate Plaintiff and hinder his defense.

4. **Galen Carrico:**

    o   Directly undermined Plaintiff's defense by ignoring explicit instructions.

    o   Misrepresented Plaintiff's position in court, violating the duty of candor.

    o   Collaborated with the prosecution to delay proceedings and suppress evidence, contributing to Plaintiff's denial of a fair trial.

5. **Washoe County Public Defender's Office:**

    o   Facilitated ineffective assistance of counsel by assigning incompetent representation.

    o   Failed to enforce ethical standards or advocate for Plaintiff's constitutional rights.

6. **Washoe County District Attorney's Office:**

    o   Supported prosecutorial misconduct by permitting and endorsing Aziz Merchant's retaliatory actions.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 9

     o   Failed to address systemic abuses that deprived Plaintiff of a fair judicial process.

7. **Washoe County**:

     o   Instituted or ignored policies that allowed retaliatory, abusive, and unconstitutional conduct to persist unchecked.

8. **City of Reno**:

     o   Neglected oversight responsibilities, enabling systemic judicial and prosecutorial misconduct to flourish.

**Factual Allegations**

**December 5, 2024 Hearing**

1. **Off-the-Record Proceedings**:

Judge Barry Breslow conducted an off-the-record hearing, excluding Plaintiff's mother, a subpoenaed and critical witness. This exclusion violated Plaintiff's **Sixth Amendment** right to present a defense and **NRS 1.090** (Open Court Requirements). The off-the-record nature of the proceedings obstructed transparency and fairness.

2. **Retaliatory Competency Evaluation**:

Judge Breslow ordered a competency evaluation nunc pro tunc (retroactively) to December 5, 2024, immediately after Plaintiff raised objections regarding his attorney's incompetence and collusion with the prosecution. This punitive and unsupported order violated Plaintiff's **Fourteenth Amendment** due process rights.

3. **Threats of Contempt**:

Judge Breslow threatened Plaintiff with contempt for filing pro se motions, labeling them "fugitive documents" due to Plaintiff's representation by counsel. These baseless threats were intended to suppress Plaintiff's **First Amendment** right to petition the government for redress of grievances.

**Systematic Stonewalling and Fraudulent Concealment**

Since September 2023, Plaintiff has sought evidence critical to his defense, including:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 10

- Submitting **FOIA requests** for records of off-the-record proceedings, communications between Defendants, and patterns of similar misconduct.
- Sending emails and making phone calls to Defendants and relevant agencies requesting access to evidence. Defendants systematically ignored, rerouted, or obstructed these requests, constituting **fraudulent concealment** and **obstruction of justice**. This deliberate interference deprived Plaintiff of the ability to pursue his legal rights and remedies.

**Chronology of Retaliatory Actions**

1. **December 9, 2024**:

   Judge Breslow issued an order for a psychiatric evaluation, falsely claiming Plaintiff was incompetent. This action was part of a broader pattern of retaliation and procedural abuse, violating Plaintiff's due process rights.

2. **December 16, 2024**:

   o **Premature Order to Show Cause (OSC)**: Judge Breslow filed an OSC demanding compliance with the competency evaluation two months before the deadline, demonstrating retaliatory intent. The OSC was procedurally defective and intended to intimidate Plaintiff.

   o **Section 1983 Lawsuit Filed**: Plaintiff initiated a federal lawsuit against Judge Breslow under **42 U.S.C. § 1983** for retaliation, due process violations, and obstruction of justice.

3. **December 17, 2024**:

   Judge Breslow issued a bench warrant for Plaintiff's failure to appear at the OSC hearing. Plaintiff's absence was justified by a reasonable fear of retaliation and procedural abuse. The warrant constituted further retaliation for Plaintiff's assertion of his rights.

4. **December 19, 2024**:

   o **No-Bail Hold and Extradition Authorization**: Judge Breslow imposed a no-bail hold and authorized extradition as punitive measures for Plaintiff's federal lawsuit. These actions violated Plaintiff's **Eighth Amendment** right to reasonable bail and **Fourteenth Amendment** due process rights.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 11

**Systemic Misconduct**

1. **Collusion:**

   Judge Breslow, defense counsel Galen Carrico, and prosecutor Aziz Merchant worked in concert to suppress Plaintiff's advocacy, delay proceedings, and obstruct justice. This included:

   - o **Filing Motions Against Plaintiff's Wishes:** Carrico disregarded Plaintiff's directive not to file a Young hearing motion, undermining Plaintiff's defense strategy.

   - o **Lying on the Record:** Carrico repeatedly misrepresented facts and Plaintiff's position in court, violating ethical duties.

   - o **Suppressing Evidence:** Merchant and Carrico colluded to suppress exculpatory evidence, violating Plaintiff's **Brady v. Maryland** rights.

2. **Procedural Manipulation:**

   Defendants struck Plaintiff's motions on technical grounds, suppressed evidence, and excluded witnesses. These actions violated Plaintiff's rights to **self-representation** and **due process**.

3. **Ineffective Assistance of Counsel:**

   Carrico's conduct—including filing motions contrary to Plaintiff's explicit instructions and aligning with the prosecution—violated Plaintiff's **Sixth Amendment** right to effective assistance of counsel under **Strickland v. Washington.**

**Broader RICO Claim**

**Pattern of Racketeering Activity**

Defendants engaged in a coordinated pattern of racketeering activity, consisting of multiple related and continuous predicate acts designed to suppress Plaintiff's advocacy, obstruct justice, and undermine his constitutional rights. These predicate acts include but are not limited to:

1. **Collusion:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 12

o    Judge Barry Breslow, defense counsel Galen Carrico, and prosecutor Aziz Merchant conspired to manipulate judicial proceedings, suppress exculpatory evidence, and delay resolution of Plaintiff's case.

o    This coordination represents a concerted effort to obstruct Plaintiff's ability to defend himself, violating his constitutional and procedural rights.

2.  **Fraudulent Concealment:**

o    Systematic obstruction of Plaintiff's requests for evidence, including FOIA requests and other communications, constitutes mail and wire fraud under **18 U.S.C. §§ 1341 and 1343**. These efforts were aimed at concealing critical information necessary for Plaintiff's defense.

3.  **Retaliatory Actions:**

o    Filing baseless orders to show cause, issuing retaliatory bench warrants, and imposing punitive no-bail holds were deliberately designed to intimidate Plaintiff and coerce compliance with unconstitutional demands.

4.  **Procedural Manipulation:**

o    Defendants repeatedly struck Plaintiff's pro se motions and excluded witnesses under false pretenses, depriving him of meaningful access to the courts. These actions amount to obstruction of justice under **18 U.S.C. § 1503**.

**Continuity and Relatedness**

The predicate acts described above demonstrate:

•   **Continuity**: Defendants' misconduct spans years, beginning in September 2023 and continuing through December 2024. This prolonged period of coordinated action illustrates the ongoing nature of the scheme.

•   **Relatedness**: The acts are not isolated incidents but are interconnected and collectively aimed at silencing Plaintiff, obstructing his defense, and ensuring systemic impunity.

**Interstate Commerce Impact**

Defendants' actions directly and indirectly affected interstate commerce, satisfying the jurisdictional requirements of **18 U.S.C. § 1962**:

1.  **Use of Interstate Communications:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 13

- o   Suppression of Plaintiff's FOIA requests and communications required the use of mail and electronic systems that cross state lines, implicating federal jurisdiction.
- o   Defendants' retaliatory and collusive actions disrupted Plaintiff's ability to conduct business activities tied to interstate commerce, including financial and personal matters.

2.  **Financial Harm and Emotional Distress**:
- o   Defendants' misconduct imposed significant financial burdens on Plaintiff, including legal fees, loss of income, and the costs associated with protracted litigation. These economic damages have ripple effects on interstate commerce, as they reduce Plaintiff's ability to engage in transactions and maintain employment.

3.  **Hindrance of Legal and Constitutional Rights**:
- o   By obstructing Plaintiff's access to justice and manipulating court proceedings, Defendants undermined the fair functioning of the judicial system, which is integral to the broader economic and social stability that interstate commerce relies upon.

**Federal RICO Elements Satisfied**

Under **18 U.S.C. § 1962**, a successful RICO claim requires:

1.  **Conduct of an Enterprise**:
- o   Defendants operated as an enterprise through the coordinated efforts of the Washoe County judiciary, District Attorney's Office, and Public Defender's Office.

2.  **Pattern of Racketeering Activity**:
- o   The predicate acts of obstruction of justice, fraud, and collusion demonstrate a pattern of related and continuous misconduct.

3.  **Affecting Interstate Commerce**:
- o   Defendants' actions interfered with Plaintiff's economic and legal activities, both directly and indirectly impacting interstate commerce.

**Harm to Plaintiff**

The coordinated actions of Defendants caused Plaintiff significant harm, including:

- •   **Emotional Distress**: Resulting from prolonged retaliation, threats, and deprivation of rights.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 14

- **Financial Loss**: Due to legal expenses, loss of income, and obstruction of his ability to manage personal affairs.
- **Constitutional Violations**: Including deprivation of First, Sixth, Eighth, and Fourteenth Amendment protections.

1.

**Systematic Due Process Violations**

1. **Carrico's Filing for a Young Hearing**:
   - On September 11, 2024, Carrico filed a Young hearing motion despite Plaintiff's explicit instructions not to do so. Carrico falsely claimed the courts required him to file it, further undermining Plaintiff's defense.

2. **Suppression of Pro Se Motions**:
   - Since September 10, 2024, Plaintiff has filed at least 10–15 pro se motions addressing critical issues in his case. Defendants systematically ignored or struck these motions, obstructing Plaintiff's **First Amendment** rights and access to the courts.

3. **Threats of Contempt**:
   - Repeated threats of contempt for pro se filings created a chilling effect, suppressing Plaintiff's advocacy and constitutional rights.

4. **Galen Carrico's Ineffective Assistance**:
   - Carrico's actions—including filing motions against Plaintiff's wishes and misrepresenting facts—constituted ineffective assistance, depriving Plaintiff of a fair trial and prejudicing his defense.

**Key Legal Violations**

The events described above establish the following legal violations:

1. **First Amendment Retaliation**: Threats of contempt for pro se filings and retaliation for filing a Section 1983 lawsuit.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMS JURY TRIAL DEMANDED - 15

2. **Sixth Amendment Violations**: Denial of the right to self-representation, effective assistance of counsel, and a speedy trial.

3. **Fourteenth Amendment Due Process**: Off-the-record hearings, suppression of evidence, and unwarranted competency evaluations.

4. **RICO Violations**: Collusion, procedural delays, and suppression of evidence constituting a pattern of racketeering activity.

**Cause of Action 1: First Amendment Retaliation (42 U.S.C. § 1983)**

**Legal Claim**

**Plaintiff Cameron Doyle Church alleges that Defendants, acting under color of state law, retaliated against him for exercising his First Amendment rights, including the rights to free speech, petition the government for redress of grievances, and advocate for his own defense. Plaintiff engaged in protected activities such as filing pro se motions, objecting to procedural abuses, and challenging Defendants' misconduct. In response, Defendants undertook a coordinated and punitive campaign of retaliation, including:**

1. **Threats of Contempt:**

**During the December 5, 2024 hearing, Judge Barry Breslow threatened Plaintiff with contempt for filing pro se motions, labeling them as "fugitive documents." These threats lacked any legal basis and were intended to suppress Plaintiff's advocacy.**

2. **Unwarranted Psychiatric Evaluation:**

**On December 9, 2024, Judge Breslow ordered a retaliatory and unsupported psychiatric evaluation, falsely claiming Plaintiff was incompetent. This punitive action followed Plaintiff's objections to his attorney's incompetence and the court's procedural abuses.**

3. **Premature Order to Show Cause (OSC):**

**On December 16, 2024, Defendants filed an OSC demanding compliance with the psychiatric**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 16

evaluation two months before the deadline. This procedurally defective filing was designed to intimidate Plaintiff and dissuade him from further advocacy.

4.  **Retaliatory Bench Warrant:**

On December 17, 2024, Judge Breslow issued a bench warrant for Plaintiff's failure to appear at the OSC hearing. Plaintiff's absence was justified by a reasonable fear of retaliation and procedural irregularities. The warrant served no legitimate judicial purpose and was a direct reprisal for Plaintiff's assertion of his rights.

5.  **No-Bail Hold and Extradition Authorization:**

On December 19, 2024, Judge Breslow imposed a no-bail hold and authorized Plaintiff's extradition. These extreme measures were punitive, unrelated to any legitimate risk assessment, and aimed solely at punishing Plaintiff for filing a federal lawsuit under 42 U.S.C. § 1983.

These actions were motivated by Plaintiff's exercise of his First Amendment rights and were calculated to suppress his advocacy, intimidate him, and punish him for challenging systemic misconduct.

**Legal Authority**

1.  **42 U.S.C. § 1983:**

Provides a cause of action for individuals whose constitutional rights have been violated by state actors.

2.  **Relevant Case Law:**

    o   Hartman v. Moore, 547 U.S. 250 (2006): Establishes that retaliatory prosecution for exercising First Amendment rights constitutes a violation when there is a causal connection between the protected activity and the retaliatory action.

    o   Nieves v. Bartlett, 139 S. Ct. 1715 (2019): Confirms that First Amendment retaliation claims are actionable when the retaliatory actions are motivated by the exercise of constitutionally protected rights.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 17

    ○   **Bordenkircher v. Hayes, 434 U.S. 357 (1978):** Prohibits prosecutorial vindictiveness and retaliation against defendants for exercising legal rights.

**Harm to Plaintiff**

As a direct result of Defendants' retaliatory actions, Plaintiff has suffered:

- **Emotional Distress:** Resulting from threats, punitive measures, and deprivation of constitutional protections.
- **Financial Harm:** Legal fees, loss of income, and costs associated with the retaliatory proceedings.
- **Reputational Damage:** Stemming from baseless accusations of incompetence and undue criminal proceedings.
- **Chilling Effect:** Suppression of Plaintiff's ability to freely advocate for his defense and petition the government, violating core First Amendment protections.

**Relief Sought**

Plaintiff seeks:

1. **Compensatory Damages:** For emotional, financial, and reputational harm caused by Defendants' retaliatory conduct.
2. **Punitive Damages:** To deter Defendants and others from engaging in similar unconstitutional behavior.
3. **Injunctive Relief:** To prevent further retaliation or suppression of Plaintiff's advocacy efforts.
4. **Declaratory Relief:** Declaring Defendants' actions as unconstitutional and violative of Plaintiff's First Amendment rights.

**Cause of Action 2: Violation of Sixth Amendment Right to Effective Assistance of Counsel (42 U.S.C. § 1983)**

**Legal Claim**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 18

Plaintiff Cameron Doyle Church alleges that Defendant Galen Carrico, his court-appointed counsel, violated his Sixth Amendment right to effective assistance of counsel, as established under Strickland v. Washington, 466 U.S. 668 (1984). Carrico's conduct fell below the standard of reasonable professional assistance and prejudiced Plaintiff's ability to present a fair defense. Specifically, Carrico engaged in the following actions:

1. **Filing Motions Against Plaintiff's Express Wishes:**
   o On September 11, 2024, Carrico filed a motion for a Young hearing despite Plaintiff's explicit instructions not to do so. This decision contradicted Plaintiff's strategic defense and undermined his autonomy in directing his case.

2. **Lying in the Motion:**
   o Carrico falsely claimed that the courts instructed him to file the Young hearing motion, misrepresenting the facts and Plaintiff's position. This deliberate misrepresentation eroded Plaintiff's trust and obstructed his defense.

3. **Failure to Advocate During Critical Proceedings:**
   o During the December 5, 2024 hearing, Carrico failed to challenge the court's unwarranted competency evaluation order and threats of contempt against Plaintiff. His inaction deprived Plaintiff of meaningful representation during pivotal moments.

Carrico's actions were not isolated errors but part of a broader pattern of negligence and misconduct that prejudiced Plaintiff's defense, violating the Sixth Amendment guarantee of effective legal representation.

**Legal Authority**

1. **42 U.S.C. § 1983:**
   Provides a cause of action for individuals whose constitutional rights, including the right to effective assistance of counsel, have been violated by state actors.

2. **Relevant Case Law:**

- o  Strickland v. Washington, 466 U.S. 668 (1984): Establishes a two-prong test for ineffective assistance of counsel:

    1. Deficient Performance: Counsel's representation fell below an objective standard of reasonableness.

    2. Prejudice: The deficient performance had an adverse effect on the outcome of the proceedings.

- o  United States v. Cronic, 466 U.S. 648 (1984): Presumes prejudice in cases where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.

**Harm to Plaintiff**

As a direct result of Carrico's ineffective assistance, Plaintiff suffered the following harms:

1. Loss of Autonomy:
   - o  Plaintiff was deprived of his right to control critical aspects of his defense strategy, including decisions on which motions to file.

2. Procedural Prejudice:
   - o  Carrico's actions and omissions resulted in unfavorable procedural outcomes, including the court's reliance on a baseless competency evaluation.

3. Chilling Effect on Advocacy:
   - o  Plaintiff's ability to advocate for himself and present his case was severely hindered by Carrico's negligence and collusion with the prosecution.

4. Emotional and Financial Harm:
   - o  Carrico's ineffective assistance caused Plaintiff emotional distress and additional legal expenses, compounding the adverse impact of Defendants' retaliatory actions.

**Relief Sought**

Plaintiff seeks:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 20

1.  **Compensatory Damages:**

    To redress the harm caused by Defendant Carrico's ineffective assistance of counsel.

2.  **Punitive Damages:**

    To deter similar conduct by court-appointed counsel in the future.

3.  **Declaratory Relief:**

    Declaring Carrico's actions as unconstitutional and in violation of Plaintiff's Sixth Amendment rights.

**Cause of Action 3: Violation of Eighth Amendment – Cruel and Unusual Punishment (42 U.S.C. § 1983)**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by imposing punitive and excessive measures that lacked any legitimate legal or penological justification. Defendants' actions, taken under color of state law, were retaliatory and grossly disproportionate to the circumstances. Specifically, Defendants engaged in the following unconstitutional conduct:

1.  **Issuance of a No-Bail Hold:**

    o   **On December 19, 2024, Judge Barry Breslow imposed a no-bail hold on Plaintiff despite clear evidence that Plaintiff posed no flight risk or danger to the community. This extreme measure was punitive and designed to retaliate against Plaintiff for asserting his constitutional rights, including filing a federal lawsuit under 42 U.S.C. § 1983.**

2.  **Authorization of Extradition Under Retaliatory Circumstances:**

    o   **Judge Breslow authorized Plaintiff's extradition under circumstances that were not only unnecessary but retaliatory. The use of extradition in this context was intended to punish Plaintiff for challenging the judicial and prosecutorial misconduct he faced, rather than for any legitimate legal purpose.**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 21

These measures were excessive and inflicted unnecessary hardship on Plaintiff, violating the Eighth Amendment prohibition against cruel and unusual punishment. The actions were motivated by retaliation rather than any legitimate judicial or penological interests.

**Legal Authority**

1.  **42 U.S.C. § 1983:**

    Provides a cause of action for individuals whose constitutional rights, including Eighth Amendment protections, have been violated by state actors.

2.  **Relevant Case Law:**

    o   **Graham v. Connor, 490 U.S. 386 (1989): Establishes that the Eighth Amendment prohibits excessive or disproportionate actions by state actors, even in a non-criminal context.**

    o   **Hutto v. Finney, 437 U.S. 678 (1978): Defines cruel and unusual punishment as measures that are disproportionate, unnecessary, or intended to inflict pain or suffering.**

    o   **Bell v. Wolfish, 441 U.S. 520 (1979): Confirms that pretrial detainees are entitled to constitutional protections against punitive and excessive measures.**

**Harm to Plaintiff**

As a direct result of Defendants' Eighth Amendment violations, Plaintiff suffered the following harms:

1.  **Emotional and Psychological Distress:**

    o   **The imposition of a no-bail hold and the threat of extradition caused significant emotional trauma and anxiety.**

2.  **Loss of Liberty:**

    o   **The no-bail hold deprived Plaintiff of his freedom without justification, inflicting unnecessary and prolonged hardship.**

3.  **Reputational Harm:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 22

      o   The unwarranted punitive measures damaged Plaintiff's reputation by implying dangerousness or culpability without basis.

4. **Financial and Personal Consequences:**

      o   Plaintiff incurred legal expenses and other costs associated with contesting the excessive and retaliatory actions.

**Relief Sought**

Plaintiff seeks:

1. **Compensatory Damages:**

To redress the emotional, financial, and reputational harm caused by Defendants' Eighth Amendment violations.

2. **Punitive Damages:**

To deter Defendants and other state actors from imposing similar excessive and retaliatory measures in the future.

3. **Declaratory and Injunctive Relief:**

Declaring Defendants' actions as unconstitutional and preventing further retaliation or punitive measures against Plaintiff.

**Cause of Action 4: Violation of Fourteenth Amendment – Due Process and Equal Protection (42 U.S.C. § 1983)**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Defendants violated his Fourteenth Amendment rights to due process and equal protection under the law by engaging in actions that deprived him of a fair and transparent legal process and subjected him to discriminatory treatment. Specifically, Defendants committed the following unconstitutional acts:

1. **Conducting Off-the-Record Proceedings:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 23

- o  During the December 5, 2024 hearing, Judge Barry Breslow conducted off-the-record proceedings, excluding Plaintiff's mother—a subpoenaed and critical witness—from the courtroom.
- o  This lack of transparency deprived Plaintiff of his right to a fair and open judicial process, violating his procedural due process rights as guaranteed by the Fourteenth Amendment and NRS 1.090 (Open Court Requirements).

2. **Ordering an Unwarranted Psychiatric Evaluation:**
   - o  Judge Breslow ordered a psychiatric evaluation of Plaintiff without any legitimate basis, retroactively applying the order to December 5, 2024.
   - o  This stigmatizing and punitive action deprived Plaintiff of liberty without due process and was motivated by animus toward Plaintiff's advocacy and objections to procedural abuses.

3. **Selective Prosecution and Unequal Treatment:**
   - o  Defendants engaged in selective prosecution by treating Plaintiff differently from similarly situated individuals, imposing punitive measures such as a no-bail hold and retaliatory bench warrants.
   - o  These actions were arbitrary, capricious, and aimed at suppressing Plaintiff's advocacy rather than serving any legitimate judicial purpose.

These acts violated Plaintiff's due process right to fair and unbiased proceedings and his equal protection right to be treated the same as other individuals under similar circumstances.

**Legal Authority**

1. **42 U.S.C. § 1983:**

   Provides a cause of action for individuals whose constitutional rights have been violated by state actors.

2. **Relevant Case Law:**

- o **Mathews v. Eldridge, 424 U.S. 319 (1976):** Establishes the fundamental principle that due process requires notice and an opportunity to be heard before depriving individuals of liberty or property.
- o **Village of Willowbrook v. Olech, 528 U.S. 562 (2000):** Holds that unequal treatment of similarly situated individuals, motivated by animus or ill will, violates the Equal Protection Clause.
- o **United States v. Armstrong, 517 U.S. 456 (1996):** Articulates the standard for proving selective prosecution based on discriminatory intent and disparate treatment.

**Harm to Plaintiff**

As a direct result of Defendants' violations of the Fourteenth Amendment, Plaintiff suffered the following harms:

1. **Denial of a Fair Process:**
   - o The off-the-record proceedings and unwarranted psychiatric evaluation deprived Plaintiff of transparency, fairness, and the opportunity to defend himself effectively.
2. **Stigmatization and Emotional Distress:**
   - o The baseless psychiatric evaluation and selective punitive measures caused Plaintiff reputational harm and significant emotional distress.
3. **Loss of Liberty and Procedural Rights:**
   - o The actions of Defendants deprived Plaintiff of his liberty and procedural protections without due process.
4. **Disparate Treatment:**
   - o Defendants' selective prosecution resulted in discriminatory treatment, subjecting Plaintiff to harsher and unwarranted penalties compared to similarly situated individuals.

**Relief Sought**

Plaintiff seeks:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 25

1. **Compensatory Damages:**

   To address the emotional, financial, and reputational harm caused by Defendants' due process and equal protection violations.

2. **Punitive Damages:**

   To deter Defendants and other state actors from engaging in similar unconstitutional conduct.

3. **Declaratory and Injunctive Relief:**

   Declaring Defendants' actions unconstitutional and preventing further violations of Plaintiff's Fourteenth Amendment rights.

**Cause of Action 5: Racketeer Influenced and Corrupt Organizations Act (RICO) – 18 U.S.C. § 1964(c)**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Defendants engaged in a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), causing significant harm, including emotional distress, financial loss, and deprivation of liberty. Defendants conspired to use their positions within the judicial and legal system to further a coordinated scheme of retaliation, obstruction, and procedural abuse against Plaintiff. Specifically, Defendants engaged in the following:

1. **Conspiracy to Retaliate:**

   o   Defendants conspired to retaliate against Plaintiff for exercising his constitutional rights, including filing pro se motions and a federal lawsuit under 42 U.S.C. § 1983.

   o   This conspiracy involved multiple coordinated predicate acts designed to suppress Plaintiff's advocacy and obstruct justice.

2. **Predicate Acts of Racketeering:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 26

- o **Mail Fraud (18 U.S.C. § 1341):** Defendants used the mails to send retaliatory court orders, including the premature Order to Show Cause (OSC) and bench warrant, as part of their scheme.

- o **Wire Fraud (18 U.S.C. § 1343):** Defendants used interstate communications, including emails and electronic filings, to coordinate their retaliatory actions and suppress Plaintiff's advocacy.

- o **Obstruction of Justice (18 U.S.C. § 1503):** Defendants obstructed justice by striking Plaintiff's motions, conducting off-the-record hearings, and suppressing exculpatory evidence. These actions were designed to manipulate the judicial process and deprive Plaintiff of fair proceedings.

3. **Operation of an Enterprise:**

- o **Defendants operated as an enterprise consisting of the Second Judicial District Court, the Washoe County District Attorney's Office, and the Washoe County Public Defender's Office.**

- o **This enterprise functioned as a cohesive unit to further Defendants' retaliatory and abusive objectives, leveraging their institutional roles and authority.**

4. **Impact on Interstate Commerce:**

- o **Defendants' actions directly and indirectly affected interstate commerce by interfering with Plaintiff's ability to conduct business, manage personal affairs, and access legal remedies.**

- o **The use of interstate mail and electronic systems to further the scheme satisfies RICO's jurisdictional requirement.**

**Legal Authority**

1. **18 U.S.C. § 1964(c):**

Provides a civil cause of action for individuals injured by a pattern of racketeering activity.

2. **Relevant Case Law:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 27

- o **H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989):** Establishes the requirements for proving a pattern of racketeering activity, including continuity and relatedness of predicate acts.
- o **Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985):** Clarifies that civil RICO claims require proof of injury caused by racketeering activity.
- o **Reves v. Ernst & Young, 507 U.S. 170 (1993):** Defines the operation or management test for participation in a RICO enterprise.

**Harm to Plaintiff**

As a direct result of Defendants' racketeering activity, Plaintiff suffered the following harms:

1. **Emotional Distress:**
   - o The retaliatory actions and procedural manipulation caused Plaintiff significant psychological and emotional harm.
2. **Financial Loss:**
   - o Plaintiff incurred legal fees, lost income, and other expenses due to Defendants' unlawful scheme.
3. **Deprivation of Liberty:**
   - o The issuance of a no-bail hold, bench warrant, and retaliatory extradition authorization deprived Plaintiff of his freedom without justification.
4. **Reputational Harm:**
   - o Defendants' actions stigmatized Plaintiff and damaged his reputation, both personally and professionally.

**Relief Sought**

**Plaintiff seeks:**

1.  **Compensatory Damages:**

    To address the financial, emotional, and reputational harm caused by Defendants' racketeering

    activities.

2.  **Treble Damages:**

    As authorized under 18 U.S.C. § 1964(c) for injuries resulting from racketeering activity.

3.  **Punitive Damages:**

    To deter Defendants and others from engaging in similar unlawful conduct.

4.  **Declaratory and Injunctive Relief:**

    Declaring Defendants' actions as violative of RICO and prohibiting further racketeering activity.

**Cause of Action 6: Nevada Racketeer Influenced and Corrupt Organizations Act (NRS 207.400)**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Defendants engaged in a pattern of racketeering

activity in violation of NRS 207.400, Nevada's Racketeer Influenced and Corrupt Organizations Act.

Defendants conspired to use their positions of authority to carry out a scheme of fraud, extortion,

and obstruction of justice, resulting in significant harm to Plaintiff, including emotional distress,

financial loss, and deprivation of liberty. Specifically, Defendants engaged in the following predicate

acts under Nevada law:

1.  **Fraud:**
    o   Defendants knowingly misrepresented material facts to advance their retaliatory scheme,
        including fabricating the basis for a psychiatric evaluation, misrepresenting facts in court
        filings, and suppressing exculpatory evidence.
    o   These fraudulent acts deprived Plaintiff of a fair and transparent judicial process.

2.  **Extortion:**

- o **Defendants used threats and coercive measures, including threats of contempt and punitive no-bail holds, to compel Plaintiff's compliance with illegitimate orders and suppress his advocacy.**
- o **These actions constitute extortion under NRS 205.320, as they sought to unlawfully obtain compliance and submission through fear and intimidation.**

3. **Obstruction of Justice:**
- o **Defendants obstructed justice by conducting off-the-record hearings, striking Plaintiff's motions on technical grounds, and suppressing evidence necessary for Plaintiff's defense.**
- o **These actions violated Nevada statutes prohibiting interference with the judicial process and ensuring procedural fairness.**

4. **Collusion and Conspiracy:**
- o **Defendants operated as a cohesive unit through the Second Judicial District Court, the Washoe County District Attorney's Office, and the Washoe County Public Defender's Office to carry out their retaliatory and unlawful actions.**

**Enterprise and Pattern of Racketeering Activity**

1. **Enterprise:**
- o **Defendants functioned as an enterprise within the meaning of NRS 207.380, using their positions within the judicial, prosecutorial, and public defender systems to coordinate their racketeering activities.**

2. **Pattern of Racketeering Activity:**
- o **The predicate acts outlined above demonstrate a pattern of related and continuous racketeering activity, spanning years and directly targeting Plaintiff's constitutional rights and liberties.**

3. **Motivated by Retaliation:**
- o **Defendants' actions were not isolated incidents but part of a broader scheme to retaliate against Plaintiff for asserting his constitutional rights and challenging systemic misconduct.**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 30

**Legal Authority**

1. **NRS 207.400:**

   Prohibits individuals from engaging in a pattern of racketeering activity as part of an enterprise and provides a cause of action for individuals harmed by such activities.

2. **State v. Mihaly, 114 Nev. 549 (1998):**

   Establishes the elements required to prove a Nevada RICO claim, including demonstrating a pattern of racketeering activity and its impact on the victim.

**Harm to Plaintiff**

As a direct result of Defendants' racketeering activity, Plaintiff suffered the following harms:

1. **Emotional Distress:**
   - The fraudulent and extortionate acts caused Plaintiff significant emotional and psychological harm.

2. **Financial Loss:**
   - Plaintiff incurred substantial legal fees, lost income, and other costs as a result of Defendants' unlawful actions.

3. **Deprivation of Liberty:**
   - The retaliatory no-bail hold and unwarranted extradition deprived Plaintiff of his freedom without legitimate cause.

4. **Reputational Damage:**
   - Defendants' conduct damaged Plaintiff's personal and professional reputation by portraying him as unfit and dangerous without justification.

**Relief Sought**

Plaintiff seeks:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 31

1.  **Compensatory Damages:**

    To address the financial, emotional, and reputational harm caused by Defendants' racketeering

    activities under Nevada law.

2.  **Treble Damages:**

    As authorized by NRS 207.470, for injuries resulting from racketeering activity.

3.  **Punitive Damages:**

    To deter Defendants and other state actors from engaging in similar unlawful conduct.

4.  **Declaratory and Injunctive Relief:**

    Declaring Defendants' actions as violative of NRS 207.400 and prohibiting further racketeering

    activities.

**Cause of Action 7: Intentional Infliction of Emotional Distress (IIED)**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Defendants engaged in extreme and outrageous conduct

that intentionally or recklessly caused him severe emotional distress. Defendants' actions, taken

under color of state law, went beyond all bounds of decency and were specifically designed to

intimidate, punish, and humiliate Plaintiff for asserting his constitutional rights. The conduct

includes the following:

1.  **Threatening Plaintiff with Contempt:**

    o   During the December 5, 2024 hearing, Judge Barry Breslow threatened Plaintiff with

        contempt for filing pro se motions, despite Plaintiff's lawful exercise of his First Amendment

        rights.

    o   These threats were baseless and designed to instill fear and suppress Plaintiff's advocacy.

2.  **Ordering a Retaliatory Psychiatric Evaluation:**

    o   Judge Breslow ordered an unwarranted and punitive psychiatric evaluation retroactively to

        December 5, 2024, stigmatizing Plaintiff and depriving him of his dignity and liberty.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 32

    o   This action was intended to discredit Plaintiff and undermine his advocacy efforts.

3. **Filing a Premature OSC and Issuing a Bench Warrant:**
   - On December 16, 2024, Judge Breslow filed a premature OSC demanding compliance with the psychiatric evaluation two months before the deadline, followed by a retaliatory bench warrant issued on December 17, 2024.
   - These actions lacked legitimate legal justification and were intended to intimidate and punish Plaintiff for challenging Defendants' misconduct.

4. **Imposing a No-Bail Hold:**
   - On December 19, 2024, Judge Breslow imposed a no-bail hold and authorized Plaintiff's extradition, despite the absence of any flight risk or danger to the community.
   - This punitive measure was designed to inflict psychological harm and deter Plaintiff from further asserting his rights.

Defendants' conduct was extreme, outrageous, and executed with the intention of causing severe emotional distress to Plaintiff, or with reckless disregard for the likelihood of such distress.

**Legal Authority**

1. **Nevada IIED Law:**

Provides a cause of action for individuals subjected to extreme and outrageous conduct resulting in severe emotional distress.

2. **Relevant Case Law:**
   - Burgess v. Taylor, 100 Nev. 344 (1984): Establishes the elements of IIED, requiring:
     1. Extreme and outrageous conduct;
     2. Intent or reckless disregard to cause emotional distress;
     3. Severe emotional distress suffered by the plaintiff.

**Harm to Plaintiff**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 33

As a direct result of Defendants' extreme and outrageous conduct, Plaintiff suffered the following harms:

1. **Severe Emotional Distress:**
   o Plaintiff experienced anxiety, humiliation, fear, and psychological trauma as a result of Defendants' retaliatory and punitive actions.

2. **Loss of Dignity and Autonomy:**
   o The unwarranted psychiatric evaluation and no-bail hold deprived Plaintiff of his sense of dignity and control over his own defense.

3. **Exacerbation of Legal and Financial Burdens:**
   o Defendants' actions added significant stress and hardship to Plaintiff's ongoing legal battles, compounding his emotional distress.

**Relief Sought**

**Plaintiff seeks:**

1. **Compensatory Damages:**
   To address the severe emotional distress and other harms caused by Defendants' intentional or reckless actions.

2. **Punitive Damages:**
   To deter Defendants and others from engaging in similar extreme and outrageous conduct in the future.

3. **Declaratory Relief:**
   Declaring Defendants' actions as extreme, outrageous, and violative of Plaintiff's rights under Nevada law.

**Cause of Action 8: Obstruction of Justice (18 U.S.C. § 1503)**

**Legal Claim**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 34

Plaintiff Cameron Doyle Church alleges that Defendants engaged in obstruction of justice in violation of 18 U.S.C. § 1503 by intentionally interfering with Plaintiff's ability to access the courts, obtain critical evidence, and assert his legal rights. Defendants' actions were designed to suppress Plaintiff's advocacy, manipulate judicial proceedings, and prevent the fair administration of justice. Specifically, Defendants committed the following acts:

1. **Systematic Suppression of Pro Se Motions:**
   - Defendants systematically struck or ignored Plaintiff's pro se motions, depriving him of meaningful access to the courts.
   - This suppression was calculated to obstruct Plaintiff's ability to raise critical constitutional and procedural issues in his defense.

2. **Threats of Contempt for Exercising Constitutional Rights:**
   - During the December 5, 2024 hearing, Judge Barry Breslow threatened Plaintiff with contempt for filing pro se motions, despite Plaintiff's lawful exercise of his First Amendment right to petition the government for redress of grievances.
   - These threats created a chilling effect, deterring Plaintiff from further advocacy.

3. **Ignoring FOIA Requests and Communications:**
   - Defendants ignored or obstructed Plaintiff's Freedom of Information Act (FOIA) requests and other communications seeking evidence essential to his defense.
   - This deliberate interference deprived Plaintiff of critical information, further obstructing his ability to assert his legal rights.

These actions were part of a coordinated effort to interfere with Plaintiff's pursuit of justice and to suppress evidence of systemic misconduct within the judicial process.


**Legal Authority**

1. **18 U.S.C. § 1503:**

   Prohibits actions that obstruct or impede the due administration of justice, including interference with judicial proceedings, suppression of evidence, and intimidation of litigants.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 35

2. **Relevant Case Law:**

   o   **United States v. Aguilar, 515 U.S. 593 (1995):** Establishes that obstruction of justice requires a nexus between the defendant's actions and an intent to interfere with judicial proceedings.

   o   **United States v. Quattrone, 441 F.3d 153 (2d Cir. 2006):** Confirms that obstruction of justice warrants punitive sanctions when actions are designed to impair the integrity of the judicial process.

**Harm to Plaintiff**

As a direct result of Defendants' obstruction of justice, Plaintiff suffered the following harms:

1. **Denial of Access to Evidence:**

   o   Defendants' suppression of FOIA responses and other communications deprived Plaintiff of critical information necessary for his defense.

2. **Suppression of Legal Advocacy:**

   o   The systematic striking of Plaintiff's motions and threats of contempt hindered Plaintiff's ability to effectively advocate for himself and address procedural and constitutional violations.

3. **Emotional and Financial Distress:**

   o   The deliberate obstruction caused Plaintiff significant emotional distress and forced him to incur additional legal expenses to navigate these unjust barriers.

4. **Impairment of Legal Remedies:**

   o   Defendants' actions directly interfered with Plaintiff's ability to pursue valid legal claims and remedies, resulting in procedural and substantive prejudice to his case.

**Relief Sought**

**Plaintiff seeks:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 36

1.  **Compensatory Damages:**

    To address the harm caused by Defendants' obstruction of justice, including emotional distress and financial losses.

2.  **Punitive Damages:**

    To deter Defendants and others from engaging in similar unlawful conduct in the future.

3.  **Declaratory and Injunctive Relief:**

    Declaring Defendants' actions as obstructive and unconstitutional, and enjoining further obstruction of Plaintiff's access to the courts.


**Cause of Action 9: Spoliation of Evidence**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Defendants engaged in spoliation of evidence by failing to preserve, concealing, or destroying records relevant to Plaintiff's defense and claims, thereby undermining the integrity of the judicial process. Defendants' actions interfered with Plaintiff's ability to access critical evidence necessary to support his legal and constitutional claims. Specifically, Defendants engaged in the following conduct:

1.  **Failure to Preserve Relevant Evidence:**

    o   Defendants failed to preserve records and communications, including records of off-the-record proceedings and internal communications regarding Plaintiff's case, which were crucial to Plaintiff's defense and his claims of procedural misconduct.

2.  **Systematic Obstruction of Evidence Requests:**

    o   Defendants systematically obstructed Plaintiff's attempts to obtain evidence by ignoring or rerouting FOIA requests and other communications, thereby depriving Plaintiff of his statutory and constitutional rights to access information relevant to his case.

3.  **Destruction or Concealment of Evidence:**

- o   Defendants either destroyed or concealed evidence necessary to substantiate Plaintiff's claims of retaliation, misconduct, and constitutional violations. This conduct reflects a willful disregard for Plaintiff's rights and the judicial process.

Defendants' intentional and reckless conduct amounts to spoliation of evidence and warrants sanctions to redress the harm caused to Plaintiff and to ensure the integrity of judicial proceedings.

**Legal Authority**

1.  **Zubulake v. UBS Warburg LLC, 220 F.R.D. 212 (S.D.N.Y. 2003):**
    - o   Establishes that spoliation occurs when a party with a duty to preserve evidence relevant to anticipated litigation fails to do so, and the missing evidence is relevant to the opposing party's claims.

2.  **Silvestri v. Gen. Motors Corp., 271 F.3d 583 (4th Cir. 2001):**
    - o   Holds that spoliation undermines the integrity of the judicial process and justifies sanctions, including adverse inferences and dismissal in extreme cases.

3.  **Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 (2d Cir. 2002):**
    - o   Confirms that sanctions for spoliation may include monetary penalties, adverse inferences, and other remedies to restore fairness.

**Harm to Plaintiff**

As a direct result of Defendants' spoliation of evidence, Plaintiff suffered the following harms:

1.  **Impairment of Legal Defense and Claims:**
    - o   The unavailability of critical evidence significantly hindered Plaintiff's ability to substantiate his claims of constitutional violations, retaliation, and procedural misconduct.

2.  **Emotional and Financial Distress:**
    - o   Defendants' obstruction of evidence caused Plaintiff significant emotional distress and forced him to incur additional legal expenses in attempting to obtain the concealed or destroyed evidence.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 38

3. **Undermining of Judicial Integrity:**

    o   **Defendants' actions compromised the fairness and transparency of the judicial process, depriving Plaintiff of his right to a fair and impartial adjudication.**

**Relief Sought**

**Plaintiff seeks:**

1. **Sanctions Against Defendants:**

    o   **Including monetary penalties and adverse inferences that the missing or concealed evidence would have been unfavorable to Defendants.**

2. **Adverse Inference Jury Instruction:**

    o   **Requesting that the trier of fact infer that the spoliated evidence supports Plaintiff's claims and undermines Defendants' defenses.**

3. **Declaratory Relief:**

    o   **Declaring Defendants' actions as intentional spoliation of evidence, prejudicial to Plaintiff's case, and violative of judicial integrity.**

4. **Compensatory Damages:**

    o   **For the harm caused by the loss of evidence, including emotional distress and additional legal expenses incurred.**

**Cause of Action 10: Violation of FOIA/Public Records Laws**

**Legal Claim**

**Plaintiff Cameron Doyle Church alleges that Defendants violated the Freedom of Information Act (FOIA) under 5 U.S.C. § 552 and Nevada's Public Records Act under NRS Chapter 239 by failing to provide access to records relevant to Plaintiff's case. Defendants' refusal to comply with Plaintiff's requests deprived him of critical evidence necessary to assert his legal and constitutional rights, violating principles of transparency and accountability. Specifically, Defendants engaged in the following unlawful conduct:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 39

1.  **Refusal to Comply with FOIA Requests:**

    o   Plaintiff submitted multiple FOIA requests seeking records related to his case, including off-the-record proceedings, communications between Defendants, and evidence of procedural misconduct.

    o   Defendants systematically ignored or rerouted these requests, obstructing Plaintiff's access to federal public records.

2.  **Violation of Nevada Public Records Act:**

    o   Under NRS Chapter 239, Plaintiff has a right to access public records held by state and local government entities. Defendants refused to produce these records, despite repeated requests, in violation of Nevada law.

    o   This refusal prevented Plaintiff from obtaining transparency into the judicial and prosecutorial misconduct affecting his case.

3.  **Intentional Concealment of Evidence:**

    o   Defendants acted in bad faith by intentionally withholding or concealing records, further obstructing Plaintiff's ability to build his defense and pursue remedies for violations of his rights.


**Legal Authority**

1.  **Federal FOIA:**

    o   5 U.S.C. § 552: Provides individuals with the right to access public records held by federal agencies, subject to specific exemptions, and imposes obligations on agencies to respond to requests in a timely manner.

2.  **Nevada Public Records Act:**

    o   NRS Chapter 239: Establishes the right of access to public records held by Nevada state and local agencies, mandating timely responses and full disclosure unless the records are explicitly exempted.

3.  **Relevant Case Law:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 40

    o   **U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749 (1989):**
**Reaffirms the importance of transparency and accountability in government by granting the public access to agency records under FOIA.**

    o   **DR Partners v. Bd. of Cty. Comm'rs, 116 Nev. 616 (2000): Clarifies the scope of public access under Nevada's Public Records Act and prohibits unjustified withholding of records.**

**Harm to Plaintiff**

**As a direct result of Defendants' violations of FOIA and Nevada public records laws, Plaintiff suffered the following harms:**

1. **Deprivation of Critical Evidence:**
   o **Defendants' refusal to provide requested records obstructed Plaintiff's ability to obtain information essential to his legal defense and constitutional claims.**

2. **Impairment of Legal Remedies:**
   o **The lack of access to relevant records hindered Plaintiff's ability to pursue accountability for misconduct and retaliation by Defendants.**

3. **Emotional and Financial Distress:**
   o **Defendants' refusal to comply with transparency laws caused Plaintiff significant emotional distress and forced him to incur additional legal expenses to address these violations.**

**Relief Sought**

**Plaintiff seeks:**

1. **Compensatory Damages:**
   **To address the harm caused by Defendants' unlawful withholding of records, including emotional distress and additional legal expenses.**

2. **Declaratory Relief:**
   **Declaring Defendants' refusal to comply with FOIA and Nevada public records laws as unlawful and a violation of Plaintiff's rights.**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 41

3. **Injunctive Relief:**

Compelling Defendants to produce the requested records and comply with federal and state

transparency laws in the future.

4. **Attorneys' Fees and Costs:**

As authorized under 5 U.S.C. § 552(a)(4)(E) and NRS Chapter 239, to reimburse Plaintiff for

expenses incurred in pursuing access to public records.

**Cause of Action 11: Judicial Bias and Fraud on the Court (42 U.S.C. § 1983)**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Judge Barry Breslow engaged in judicial bias and fraud

on the court, violating Plaintiff's Fourteenth Amendment due process rights and undermining the

integrity of the judicial process. Judge Breslow's actions exceeded the bounds of judicial impartiality,

abused judicial authority, and deprived Plaintiff of a fair and just proceeding. Specifically, Judge

Breslow committed the following unconstitutional and fraudulent acts:

1. **Prejudicial Handling of Witness Testimony:**

   o  Judge Breslow disregarded or misinterpreted critical witness testimony, including testimony

      from Plaintiff's mother, who was excluded from proceedings during the December 5, 2024

      hearing.

   o  This exclusion and disregard for key evidence prejudiced Plaintiff's ability to mount a

      defense, violating his right to due process.

2. **Issuance of Nunc Pro Tunc Orders:**

   o  Judge Breslow issued nunc pro tunc orders retroactively to justify prior unlawful actions,

      including the unwarranted psychiatric evaluation and procedural delays.

   o  These orders were designed to obscure misconduct and deny Plaintiff the opportunity to

      challenge procedural irregularities, constituting fraud on the court.

3. **Retaliatory Abuse of Judicial Authority:**

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18
U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 42

- o  Judge Breslow abused his authority to retaliate against Plaintiff for filing pro se motions and asserting his constitutional rights.
- o  Retaliatory actions included threatening contempt, issuing a premature OSC, and imposing punitive measures such as a no-bail hold.

These actions demonstrated clear judicial bias, violated Plaintiff's due process rights, and constituted fraud on the court by intentionally undermining the fair administration of justice.

**Legal Authority**

1. **42 U.S.C. § 1983:**

   Provides a cause of action for individuals whose constitutional rights have been violated by state actors, including judges acting outside the scope of their judicial immunity.

2. **Relevant Case Law:**

   - o  **Tumey v. Ohio, 273 U.S. 510 (1927):** Establishes that judicial bias violates the Fourteenth Amendment due process clause when a judge has a personal or institutional interest in the outcome of a case.
   - o  **Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988):** Confirms that fraud on the court undermines judicial integrity and warrants sanctions, including vacatur of judgments.
   - o  **Stump v. Sparkman, 435 U.S. 349 (1978):** Clarifies that judicial immunity does not apply to actions taken outside the judge's judicial capacity or jurisdiction.

**Harm to Plaintiff**

As a direct result of Judge Breslow's judicial bias and fraud on the court, Plaintiff suffered the following harms:

1. **Denial of a Fair Trial:**

   - o  The exclusion of witnesses, misuse of nunc pro tunc orders, and retaliatory actions deprived Plaintiff of an impartial adjudication.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 43

2. **Emotional and Financial Distress:**

- Judge Breslow's misconduct caused Plaintiff significant emotional distress and forced him to incur additional legal expenses to address the violations.

3. **Erosion of Public Confidence:**

- The fraudulent actions and retaliatory conduct undermined public confidence in the judiciary and Plaintiff's ability to receive justice.

**Relief Sought**

**Plaintiff seeks:**

1. **Compensatory Damages:**

To address the emotional, financial, and procedural harm caused by Judge Breslow's judicial bias and fraud on the court.

2. **Declaratory Relief:**

Declaring Judge Breslow's actions unconstitutional and in violation of Plaintiff's Fourteenth Amendment due process rights.

3. **Injunctive Relief:**

Preventing further retaliatory or fraudulent actions by Judge Breslow or other judicial officers.

4. **Sanctions and Vacatur:**

Seeking sanctions against Judge Breslow and vacatur of rulings tainted by fraud on the court.

**12. Violation of First Amendment Right to Petition**

**Legal Claim:**

Plaintiff alleges that Defendants violated his First Amendment right to petition the court by:

- Suppressing his pro se motions and striking them from the record.
- Threatening him with contempt for filing pro se motions and advocating for his constitutional rights.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 44

These actions were motivated by retaliation for Plaintiff's advocacy and exercise of constitutional rights.

**Legal Authority:**

*BE & K Constr. Co. v. NLRB*, 536 U.S. 516 (2002) (the First Amendment protects the right to petition the government for redress of grievances); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508 (1972) (retaliation for exercising the right to petition violates the First Amendment).

**Cause of Action 12: Violation of First Amendment Right to Petition**

**Legal Claim**

Plaintiff Cameron Doyle Church alleges that Defendants violated his **First Amendment** right to petition the court for redress of grievances by systematically suppressing his pro se motions, retaliating against his advocacy, and threatening punitive measures to deter him from exercising his constitutional rights. Specifically, Defendants engaged in the following unconstitutional conduct:

1. **Suppression and Striking of Pro Se Motions:**
   - Defendants repeatedly suppressed or struck Plaintiff's pro se motions from the record, denying him access to the courts and silencing his advocacy.
   - These actions deprived Plaintiff of the opportunity to address critical constitutional and procedural violations, effectively obstructing his right to petition the government.

2. **Threats of Contempt:**
   - During the December 5, 2024 hearing, Judge Barry Breslow threatened Plaintiff with contempt for filing pro se motions while represented by court-appointed counsel.
   - These threats were baseless and retaliatory, intended to intimidate Plaintiff and suppress his ability to seek redress for grievances.

3. **Retaliatory Motives:**
   - Defendants' actions were motivated by retaliation against Plaintiff for challenging procedural misconduct and asserting his constitutional rights.
   - The retaliatory conduct created a chilling effect, discouraging Plaintiff from further advocacy and undermining his ability to defend himself effectively.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 45

**Legal Authority**

1. **First Amendment**:
   - o  Protects the right to petition the government for redress of grievances, including access to the courts to address violations of constitutional and statutory rights.

2. **Relevant Case Law**:
   - o  **BE & K Constr. Co. v. NLRB**, 536 U.S. 516 (2002): Affirms that the **First Amendment** protects individuals' right to petition the government, including the courts, for the resolution of grievances.
   - o  **Cal. Motor Transp. Co. v. Trucking Unlimited**, 404 U.S. 508 (1972): Holds that retaliation for exercising the right to petition violates the **First Amendment** and undermines the principle of free access to the courts.
   - o  **Nieves v. Bartlett**, 139 S. Ct. 1715 (2019): Confirms that retaliatory actions against protected advocacy are actionable under the **First Amendment**.

**Harm to Plaintiff**

As a direct result of Defendants' violations of Plaintiff's First Amendment right to petition, Plaintiff suffered the following harms:

1. **Denial of Access to the Courts**:
   - o  The suppression of pro se motions and threats of contempt prevented Plaintiff from effectively addressing procedural and constitutional violations, obstructing his pursuit of justice.

2. **Emotional Distress**:
   - o  Defendants' retaliatory actions caused Plaintiff significant anxiety, humiliation, and frustration, compounding the challenges of defending himself.

3. **Chilling Effect on Advocacy**:
   - o  The threats and suppression discouraged Plaintiff from further exercising his right to petition, impairing his ability to assert his constitutional rights.

4. **Financial and Procedural Harm**:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 46

    o   Plaintiff incurred additional legal expenses and procedural disadvantages due to Defendants' suppression and retaliation.

**Relief Sought**

Plaintiff seeks:

1. **Compensatory Damages**:

   To address the harm caused by Defendants' violations of his First Amendment rights, including emotional distress and financial losses.

2. **Punitive Damages**:

   To deter Defendants and other state actors from engaging in similar unconstitutional conduct in the future.

3. **Declaratory Relief**:

   Declaring Defendants' actions as unconstitutional and violative of Plaintiff's First Amendment right to petition.

4. **Injunctive Relief**:

   Prohibiting Defendants from further suppressing Plaintiff's motions or retaliating against his advocacy efforts.

**Summary of Causes of Action**

1. **First Amendment Retaliation (42 U.S.C. § 1983)**:

       o   Defendants retaliated against Plaintiff for exercising his First Amendment rights through threats of contempt, unwarranted psychiatric evaluations, premature orders, bench warrants, and punitive no-bail holds.

2. **Violation of Sixth Amendment Right to Effective Assistance of Counsel (42 U.S.C. § 1983)**:

       o   Galen Carrico provided ineffective assistance by disregarding Plaintiff's instructions, filing unsupported motions, misrepresenting facts on the record, and failing to advocate for Plaintiff's constitutional rights.

3. **Violation of Eighth Amendment – Cruel and Unusual Punishment (42 U.S.C. § 1983)**:

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 47

o    Defendants imposed excessive and punitive measures, including a no-bail hold and retaliatory

extradition, which constituted cruel and unusual punishment.

4.  **Violation of Fourteenth Amendment – Due Process and Equal Protection (42 U.S.C. § 1983):**

o    Defendants violated Plaintiff's rights by conducting off-the-record proceedings, ordering

unwarranted psychiatric evaluations, and engaging in selective prosecution, resulting in procedural

unfairness and discriminatory treatment.

5.  **Racketeer Influenced and Corrupt Organizations Act (RICO) – 18 U.S.C. § 1964(c):**

o    Defendants engaged in a pattern of racketeering activity, including mail fraud, wire fraud, and

obstruction of justice, causing Plaintiff financial and emotional harm.

6.  **Nevada Racketeer Influenced and Corrupt Organizations Act (NRS 207.400):**

o    Defendants violated Nevada RICO laws through fraud, extortion, and obstruction of justice,

operating as an enterprise to suppress Plaintiff's rights and retaliate against him.

7.  **Intentional Infliction of Emotional Distress (IIED):**

o    Defendants engaged in extreme and outrageous conduct, including threats of contempt and

unwarranted psychiatric evaluations, causing Plaintiff severe emotional distress.

8.  **Obstruction of Justice (18 U.S.C. § 1503):**

o    Defendants obstructed justice by suppressing Plaintiff's pro se motions, threatening contempt, and

ignoring FOIA requests, interfering with Plaintiff's ability to pursue legal remedies.

9.  **Spoliation of Evidence:**

o    Defendants failed to preserve or produce relevant records, warranting sanctions, including adverse

inferences that the missing evidence would have been unfavorable to Defendants.

10. **Violation of FOIA/Public Records Laws:**

o    Defendants violated FOIA and Nevada public records laws by refusing to comply with Plaintiff's

requests for records, depriving him of access to critical evidence and transparency.

11. **Judicial Bias and Fraud on the Court (42 U.S.C. § 1983):**

o    Judge Barry Breslow engaged in judicial bias and fraud on the court by issuing nunc pro tunc

orders to justify unlawful actions, retaliating against Plaintiff, and undermining judicial integrity.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18
U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 48

12. **Violation of First Amendment Right to Petition:**

  o Defendants violated Plaintiff's right to petition by suppressing pro se motions, striking them from the record, and threatening contempt, deterring Plaintiff from advocating for his constitutional rights.

**Key Legal Authority**

- **First Amendment Retaliation:**

  o *Hartman v. Moore*, 547 U.S. 250 (2006): Retaliatory prosecution violates the First Amendment.

  o *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019): Retaliatory actions against protected advocacy are unconstitutional.

- **Ineffective Assistance of Counsel:**

  o *Strickland v. Washington*, 466 U.S. 668 (1984): Establishes the standard for ineffective assistance of counsel.

  o *United States v. Cronic*, 466 U.S. 648 (1984): Presumes prejudice when counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.

- **Cruel and Unusual Punishment:**

  o *Graham v. Connor*, 490 U.S. 386 (1989): Prohibits excessive measures under the Eighth Amendment.

  o *Hutto v. Finney*, 437 U.S. 678 (1978): Cruel and unusual punishment is determined by proportionality and intent.

- **Due Process and Equal Protection:**

  o *Mathews v. Eldridge*, 424 U.S. 319 (1976): Outlines the requirements of procedural due process.

  o *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000): Unequal treatment of similarly situated individuals violates equal protection.

- **RICO (Federal and Nevada):**

  o *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989): Defines the elements of a pattern of racketeering activity.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 49

- o  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985): Establishes standing for civil RICO claims.

- o  *State v. Mihaly*, 114 Nev. 549 (1998): Clarifies the elements of a Nevada RICO claim.

- **Obstruction of Justice:**

  - o  *United States v. Aguilar*, 515 U.S. 593 (1995): Outlines the elements of obstruction of justice.

  - o  *United States v. Quattrone*, 441 F.3d 153 (2d Cir. 2006): Confirms sanctions for obstruction of justice.

- **Spoliation of Evidence:**

  - o  *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003): Details duties and sanctions related to spoliation.

  - o  *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001): Spoliation undermines judicial fairness.

- **Judicial Bias and Fraud on the Court:**

  - o  *Tumey v. Ohio*, 273 U.S. 510 (1927): Judicial bias violates due process.

  - o  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988): Fraud on the court warrants judicial sanctions.

- **First Amendment Right to Petition:**

  - o  *BE & K Constr. Co. v. NLRB*, 536 U.S. 516 (2002): Protects the right to petition for grievances.

  - o  *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508 (1972): Retaliation against petitioning activity violates the First Amendment.

**Prayer for Relief**

WHEREFORE, Plaintiff Cameron Doyle Church respectfully requests that this Court grant the following relief:

**1. Compensatory Damages for Lost Income ($1,500,000)**

Plaintiff was earning **60to60to80 per hour** as a skilled electrician before Defendants' retaliatory actions derailed his career. For over a year, Plaintiff has been unable to work due to the time and energy required to defend himself against Defendants' systemic misconduct.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 50

- **Lost Income:**
  - o **Hourly Loss:** 30to30to40 per hour (difference between previous and current earnings).
  - o **Annual Loss:** 62,400to62,400to83,200 (based on 40 hours/week).
  - o **Total Lost Income:** 1,248,000to1,248,000to1,664,000 (over 20 years of diminished earning capacity).

    Plaintiff requests compensatory damages for lost income in the amount of **$1,500,000**.

  **Legal Authority:**

- *Carey v. Piphus*, 435 U.S. 247 (1978): Compensatory damages are appropriate for actual economic losses caused by constitutional violations.
- *Smith v. Wade*, 461 U.S. 30 (1983): Damages must compensate for the harm suffered due to Defendants' misconduct.


**2. Compensatory Damages for Opportunity Cost ($400,000)**

For over a year, Plaintiff has spent **16 hours a day, 7 days a week** studying the law to defend himself against Defendants' unconstitutional actions. This time could have been spent working as an electrician, earning **60to60to80 per hour**.

- **Opportunity Cost:**
  - o **Weekly Hours:** 112 hours.
  - o **Weekly Loss:** 6,720to6,720to8,960.
  - o **Annual Loss:** 349,440to349,440to465,920.
  - o **Total Opportunity Cost:** 349,440to349,440to465,920.

    Plaintiff requests compensatory damages for opportunity cost in the amount of **$400,000**.

  **Legal Authority:**

- *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091 (10th Cir. 2001): Opportunity cost is a recoverable damage in civil rights cases.
- *United States v. Burke*, 504 U.S. 229 (1992): Damages must compensate for lost opportunities caused by Defendants' actions.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 51

### 3. Compensatory Damages for Emotional and Psychological Distress ($2,000,000)

Defendants' retaliatory actions, including threats of contempt, unwarranted psychiatric evaluations, and a no-bail hold, have caused Plaintiff severe emotional distress, anxiety, and psychological harm.

- **Emotional Distress**:
    - Plaintiff has suffered sleepless nights, loss of enjoyment of life, and ongoing trauma due to Defendants' actions.
    - The stress of defending himself against a system designed to suppress his rights has taken a significant toll on his mental health.

    Plaintiff requests compensatory damages for emotional and psychological distress in the amount of **$2,000,000**.

**Legal Authority:**

- *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986): Emotional distress damages are recoverable in civil rights cases.
- *Bolden v. SEPTA*, 953 F.2d 807 (3d Cir. 1991): Emotional distress damages can be substantial in cases of systemic misconduct.


### 4. Compensatory Damages for Stonewalling and Concealment ($500,000)

Since September 2022, Plaintiff has made repeated attempts to obtain evidence via FOIA requests, emails, and phone calls, but Defendants have systematically ignored, rerouted, or obstructed these requests. This conduct has caused additional emotional distress and lost time.

    Plaintiff requests compensatory damages for stonewalling and concealment in the amount of **$500,000**.

**Legal Authority:**

- *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003): Spoliation of evidence and obstruction of justice warrant compensatory damages.
- *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001): Defendants' failure to preserve evidence justifies damages.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 52

**5. Punitive Damages ($7,000,000)**

Defendants' conduct was willful, malicious, and oppressive, demonstrating a blatant disregard for Plaintiff's constitutional rights. Punitive damages are necessary to punish Defendants and deter future misconduct.

- **Punitive Damages**:
    o Defendants' actions were part of a systemic pattern of retaliation and abuse of power.
    o The harm caused to Plaintiff was not only financial but also deeply personal and constitutional. Plaintiff requests punitive damages in the amount of **$7,000,000**.

**Legal Authority:**

- *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996): Punitive damages are appropriate for egregious conduct.
- *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003): Punitive damages must be proportional to the harm and Defendants' misconduct.

**6. Damages Under RICO (18 U.S.C. § 1964(c)) ($11,700,000)**

Defendants engaged in a pattern of racketeering activity, including mail fraud, wire fraud, and obstruction of justice, to retaliate against Plaintiff and suppress his advocacy.

- **RICO Damages**:
    o Plaintiff is entitled to treble damages under RICO for the harm caused by Defendants' racketeering activity.
    o Based on the compensatory damages outlined above, treble damages would amount to **11,700,000∗∗.PlaintiffrequestsRICOdamagesintheamountof∗∗11,700,000∗∗.PlaintiffrequestsRICOdamagesintheamountof∗∗11,700,000**.

**Legal Authority:**

- *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989): Treble damages are mandatory under RICO for a pattern of racketeering activity.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 53

- *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985): RICO damages are designed to compensate victims and deter racketeering.

### 7. Damages Under Nevada RICO (NRS 207.400) ($11,700,000)

Defendants engaged in a pattern of racketeering activity under Nevada law, including fraud, extortion, and obstruction of justice.

- **Nevada RICO Damages**:
  - o Plaintiff is entitled to treble damages under Nevada RICO for the harm caused by Defendants' racketeering activity.
  - o Based on the compensatory damages outlined above, treble damages would amount to $11,700,000 ** . Plaintiff requests Nevada RICO damages in the amount of ** 11,700,000 ** . Plaintiff requests Nevada RICO damages in the amount of ** 11,700,000$.

**Legal Authority**:

- *State v. Mihaly*, 114 Nev. 549 (1998): Treble damages are mandatory under Nevada RICO for a pattern of racketeering activity.

### 8. Damages for Intentional Infliction of Emotional Distress (IIED) ($2,000,000)

Defendants' conduct was extreme and outrageous, causing Plaintiff severe emotional distress.

- **IIED Damages**:
  - o Defendants' actions, including threats of contempt, unwarranted psychiatric evaluations, and a no-bail hold, were intended to cause emotional harm.
  - o Plaintiff suffered significant psychological trauma as a result.
    Plaintiff requests damages for IIED in the amount of **$2,000,000**.

**Legal Authority**:

- *Burgess v. Taylor*, 100 Nev. 344 (1984): IIED damages are recoverable for extreme and outrageous conduct.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 54

**9. Declaratory Relief**

Plaintiff requests a declaratory judgment stating that Defendants violated Plaintiff's rights under the **First, Sixth, Eighth, and Fourteenth Amendments** to the U.S. Constitution, as well as under federal and state law.

**Legal Authority:**

- *Steffel v. Thompson*, 415 U.S. 452 (1974): Declaratory relief is appropriate to vindicate constitutional rights.


**10. Injunctive Relief**

Plaintiff requests that this Court issue an injunction prohibiting Defendants from engaging in further retaliatory conduct, including but not limited to:

- Threatening Plaintiff with contempt for exercising his constitutional rights.
- Ordering unwarranted psychiatric evaluations.
- Imposing no-bail holds or other punitive measures without justification.

**Legal Authority:**

- *Rizzo v. Goode*, 423 U.S. 362 (1976): Injunctive relief is appropriate to prevent future constitutional violations.


**11. Adverse Inferences for Spoliation of Evidence**

Plaintiff requests that the Court instruct the jury to presume that the concealed or destroyed evidence would have been unfavorable to Defendants.

**Legal Authority:**

- *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003): Adverse inferences are appropriate for spoliation of evidence.


**12. Injunctive Relief for FOIA/Public Records Violations**

Plaintiff requests that the Court order Defendants to produce all requested records and enjoin them from further violations of FOIA/public records laws.

**Legal Authority:**

- *DOJ v. Tax Analysts*, 492 U.S. 136 (1989): Injunctive relief is appropriate to enforce FOIA compliance.

**13. Attorneys' Fees and Costs**

Plaintiff requests an award of reasonable attorneys' fees and costs incurred in bringing this action, pursuant to **42 U.S.C. § 1988** and other applicable law.

**Legal Authority:**

- *Hensley v. Eckerhart*, 461 U.S. 424 (1983): Attorneys' fees are recoverable in civil rights cases.

**14. Other Relief**

Plaintiff requests such other and further relief as the Court deems just and proper.

**Total Damages Sought**

- **Compensatory Damages**: $4,400,000
- **Punitive Damages**: $7,000,000
- **RICO Damages (Federal)**: $11,700,000
- **RICO Damages (Nevada)**: $11,700,000
- **IIED Damages**: $2,000,000
- **Total: $36,800,000**
-

**Justification for Relief**

1. **Lost Income and Opportunity Cost:**

   Plaintiff's career as a skilled electrician was derailed by Defendants' retaliatory actions, resulting in significant financial losses. For over a year, Plaintiff has been unable to work due to the time and energy required to defend himself against Defendants' systemic misconduct. The time spent studying the law to

protect his rights could have been spent earning a living and supporting himself. This relief is necessary to restore Plaintiff's financial stability and acknowledge the personal sacrifices he has made.

2. **Emotional and Psychological Harm**:

Defendants' actions, including threats of contempt, unwarranted psychiatric evaluations, and a no-bail hold, have caused Plaintiff severe emotional distress, anxiety, and psychological harm. The stress of defending himself against a system designed to suppress his rights has taken a significant toll on his mental health. This relief is necessary to address the profound and lasting impact of Defendants' misconduct on Plaintiff's well-being.

3. **Accountability for Retaliatory Conduct**:

Defendants' conduct was willful, malicious, and oppressive, demonstrating a blatant disregard for Plaintiff's constitutional rights. This relief is necessary to hold Defendants accountable for their systemic pattern of retaliation and abuse of power, and to deter future misconduct by Defendants and others in similar positions of authority.

4. **Restitution for RICO Violations**:

Defendants engaged in a pattern of racketeering activity, including mail fraud, wire fraud, and obstruction of justice, to retaliate against Plaintiff and suppress his advocacy. This relief is necessary to address the harm caused by Defendants' racketeering and to ensure that they are held accountable for their unlawful actions.

5. **Compensation for Intentional Infliction of Emotional Distress (IIED)**:

Defendants' conduct was extreme and outrageous, causing Plaintiff severe emotional distress. This relief is necessary to acknowledge the extreme and outrageous nature of Defendants' actions and to compensate Plaintiff for the psychological trauma he has endured.

6. **Vindication of Constitutional Rights**:

Defendants' actions were not just personal attacks but assaults on Plaintiff's fundamental rights under the **First, Sixth, Eighth, and Fourteenth Amendments** to the U.S. Constitution. This relief is necessary to vindicate Plaintiff's constitutional rights and to ensure that Defendants' misconduct is not tolerated in a society governed by the rule of law.

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 57

**Why This Relief is Justified**

- **Restoration**: The requested relief is necessary to restore Plaintiff's financial stability, acknowledge his sacrifices, and address the harm caused by Defendants' misconduct.
- **Accountability**: The amounts are proportional to the egregiousness of Defendants' conduct and are necessary to hold them accountable for their actions.
- **Deterrence**: This relief sends a clear message that systemic retaliation, abuse of power, and constitutional violations will not be tolerated.
- **Justice**: This relief ensures that Plaintiff's constitutional rights are vindicated and that he is made whole after enduring profound harm

Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

*Under penalty of perjury pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct to the best of my knowledge*

Dated this 1st of January, 2025.    HAPPY NEW YEAR, EVERYONE!

Cameron Doyle Church, Pro Se
1605 McKinley Drive
Reno, NV 89509
(775) 420-8577
Madeinreno775@gmail.com

AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), RACKETEERING (18 U.S.C. § 1964; NRS 207.400), AND RELATED CLAIMSJURY TRIAL DEMANDED - 58