UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| CAMERON DOYLE CHURCH, | Case No. 3:24-cv-00579-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| BARRY BRESLOW, et al., | |
| Defendants. | |

Plaintiff Cameron Church requests a preliminary injunction and temporary restraining order for alleged constitutional violations related to ongoing state court proceedings. (ECF Nos. 2, 3, 8, and 9.) However, the Court is unable to consider Plaintiff's requests at the time because Plaintiff has not served Defendants.

## I.    DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4 provides the methods for serving a defendant named in a federal lawsuit. *See* Fed. R. Civ. P. 4. Until defendants have been properly served with the summons and complaint and may appear in the action, the Court has no means to grant relief.

A court may issue a temporary restraining order without notice to the adverse party or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the [movant or their attorney] certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "[T]he

circumstances justifying the issuance of an *ex parte* [temporary restraining] order are extremely limited." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974)). An *ex parte* TRO "may be appropriate 'where notice to the adverse party is impossible either because the identity of an adverse party is unknown or because a known party cannot be located in time for a hearing.'" *Id.* at 1131 (citation omitted).

Plaintiff has not made such a showing. The Court therefore will not consider the merits of Plaintiff's applications until Plaintiff submits proof of service. Plaintiff may renew his request for relief after showing proof of service.

The Court reminds Plaintiff that failure to file proof of service by May 8, 2025, may result in dismissal of this case. (ECF No. 12.)

## II.    CONCLUSION

It is therefore ordered that Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 2, 3, 8, 9) are denied without prejudice.

DATED: April 17, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE