UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMERON DOYLE CHURCH,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BARRY BRESLOW, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-00579-ART-CSD<br><br>ORDER<br><br>(ECF Nos. 14, 19) |

Plaintiff Cameron Church sues Defendants on a variety of constitutional, statutory, and tort claims, all relating to Mr. Church's criminal process in state court, *State v. Church,* CR23-0657 (Nev. 2nd Jud. Dist. Ct. filed Mar. 17, 2023). (ECF No. 5.) Defendants are Deputy District Attorney Aziz Merchant, the Washoe County District Attorney's Office, the Washoe County Public Defender's Office, and Washoe County. All defendants joined a Motion to Dismiss for lack of subject matter jurisdiction, insufficient process, and failure to state a claim. (ECF No. 14.) Mr. Church also filed a petition for habeas corpus. (ECF No. 19.) The Court now grants Defendants' motion and dismisses Mr. Church's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The Court also dismisses Mr. Church's habeas petition, with leave to re-file in a separate action.

I.  **Background**

On September 8, 2023, Mr. Church was charged by information in the Second Judicial District of Nevada with Grand Larceny of a Motor Vehicle in violation of NRS 205.228 and Unlawful Taking of a Motor Vehicle in violation of NRS 205.2715. (ECF No. 14-3.) He entered a plea of not guilty to both charges. (ECF No. 14-4.) Although represented, Mr. Church filed a number of *pro per* motions alleging misconduct by his counsel, the prosecutor, and the judge. (ECF No. 14-5.) Over time, several of these motions were struck as fugitive documents.

1

(ECF Nos. 14-6, 14-12, 14-13.) On Mr. Church's behalf, his counsel, Galen Carrico, motioned for a hearing pursuant to *Young v. State*, 102 P.3d 572 (2004), because Mr. Church believed that Mr. Carrico had not adequately negotiated his case or protected his interests. (ECF No. 14-10.) Mr. Carrico added that in his own view, a "substantial breakdown in communication" made representation "untenable." (*Id.*)

The court held a hearing to address the *Young* motion and other matters on December 5, 2024. Mr. Church states in his amended federal complaint that the malfeasance of Defendants at this hearing is "central to this case." (ECF No. 5.) In the hearing, presiding Judge Barry Breslow ordered Mr. Church not to file anything without his counsel or risk contempt of court. (ECF No. 14-14.) After a sealed *Young* hearing, Judge Breslow ordered a competency evaluation for Mr. Church and stayed the case pending the results. (*Id.*) The stated purpose of the competency evaluation was to determine if Mr. Church had the ability to "1. Understand the nature of the criminal charges against him; 2. Understand the nature and purpose of the court proceedings; or 3. Aid and assist his counsel in the defense with a reasonable degree of rational understanding." (*Id.*) Four days later, on December 9, 2024, the Court reduced its order for a competency evaluation to writing, dating the written order *nunc pro tunc* to the day of the hearing. (ECF No. 14-15.)

Several days later, Mr. Church having failed to comply with the competency evaluation, Judge Breslow ordered him to show cause why his pretrial release should not be revoked, and set a hearing on that Order to Show Cause for December 17, 2024. (ECF No. 14-16.) Mr. Church did not attend the December 17, 2024 hearing. (ECF Nos. 5, 14-17.) In his absence, the court revoked his pretrial release, issued a bench warrant for his arrest, and placed him on a no-bail hold. (ECF Nos. 14-17, 14-18.) A competency evaluation was again ordered in writing on April 25, 2025, and dated *nunc pro tunc* to the previous day. (ECF

No. 14-22.)

Mr. Church has come to federal court alleging twelve causes of action for constitutional violations, federal and state RICO violations, intentional infliction of emotional distress, obstruction of justice, spoilation of evidence, and violations of public records laws. (ECF No. 5.) He seeks compensatory, punitive, and treble damages, declaratory and injunctive relief, sanctions against defendants, and adverse inference jury instructions regarding spoliated evidence. (*Id.*) He alleges that at the December 5, 2024 hearing, Judge Breslow improperly threatened him with contempt for filing *pro se* motions, ordered a competency evaluation without basis, and excluded favorable witnesses and evidence in an off-the-record proceeding. (*Id.*) Mr. Church states that the Order to Show Cause for his noncompliance with the first order for a competency evaluation was premature. (*Id.*) He claims that the bench warrant and no-bail hold, issued subsequent to his failure to attend the hearing on the order to show cause, were illegal retaliation for filing the instant federal lawsuit on December 16, 2024. (*Id.*) He further alleges that all other defendants, including the District Attorney's office and his defense counsel, colluded with Judge Breslow to deprive him of his rights. (*Id.*)

Mr. Church's claims against Judge Breslow and several other parties have been dismissed for lack of service (ECF No. 39), and the only remaining claims are against Washoe County, the Washoe County Public Defender's Office, the Washoe County District Attorney, and Deputy District Attorney Aziz Merchant. Mr. Church claims that the Washoe County Public Defender's Office assigned incompetent counsel to his case and failed to effectively oversee Mr. Carrico. (ECF No. 5.) In turn, Mr. Church alleges that Mr. Carrico failed to diligently represent him in violation of NRPC Rule 1.3, filed the *Young* motion contrary to Mr. Church's instructions in violation of his Sixth Amendment right to effective assistance of counsel, misrepresented facts and Mr. Church's legal position in connection with the *Young* motion, failed to challenge the court's unwarranted

competency evaluation order and threats of contempt, and colluded with the prosecution to delay proceedings, suppress evidence, and obstruct Mr. Church's defense in violation of state and federal RICO. (*Id.*) Mr. Church claims that Deputy District Attorney Aziz Merchant colluded with defense counsel and the court to suppress exculpatory evidence, retaliated against him by, for example, filing a premature motion for an Order to Show Cause, and violated his ethical obligations to seek justice. (*Id.*) Mr. Church sues the Washoe County District Attorney's Office for enabling Mr. Merchant's prosecutorial misconduct and colluding with defense counsel to suppress Mr. Church's defense. (*Id.*) Finally, Mr. Church sues Washoe County under *Monell* for maintaining policies and practices that enable constitutional violations such as retaliation, procedural violations, and obstruction of justice. (*Id.*) He further claims that Defendants failed to preserve, concealed, or destroyed records relevant to his defenses or claims, and ignored or rerouted FOIA requests. (*Id.*)

## II. Legal Standard

Defendants challenge this Court's subject matter jurisdiction to hear Plaintiffs' case. (ECF No. 14.) A defendant may seek dismissal of a claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The party asserting claims in federal court bears the burden of demonstrating the court's jurisdiction over those claims. *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). Rule 12(b)(1) attacks on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's

4

jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In resolving a facial attack, a court may take judicial notice of matters of public record. *Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017).

A *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (stating that "we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*," and "particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any doubt") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

### III. *Rooker-Feldman* bars Mr. Church's entire complaint.

As a preliminary matter, the Court takes judicial notice of the state court documents attached as exhibits to Defendants' Motion to Dismiss. (ECF No. 14.) Those documents are matters of public record and their authenticity is not contested. *See Hyatt*, 871 F.3d at 1071 n.15.

Defendants move to dismiss under the *Rooker-Feldman* doctrine, which provides that federal district courts lack subject matter jurisdiction to hear de facto appeals of state court decisions or issues that are inextricably intertwined with a de facto appeal. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). The *Rooker-Feldman* doctrine arises from a negative inference from 28 U.S.C. § 1257, which grants the United States Supreme Court jurisdiction to hear an appeal from a state court judgment. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc)). In vesting jurisdiction in the Supreme Court, the statute impliedly prohibits the lower federal courts from hearing the same appeals. *Id.*

A suit is squarely barred under *Rooker-Feldman* as a "de facto appeal" when

"a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Carmona v. Carmona,* 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003)); *see Doe v. Mann,* 415 F.3d 1038, 1041 (9th Cir. 2005). If a district court determines that part of a suit is barred as a de facto appeal from a state court judicial decision, "it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel,* 341 F.3d at 1158. A federal challenge is inextricably intertwined with the state court decision "[w]here federal relief can only be predicated upon a conviction that the state court was wrong." *Cooper v. Ramos,* 704 F.3d 772, 779 (2012) (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25 (1987)), or where "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.* (quoting *Fontana Empire Ctr., LLC v. City of Fontana,* 307 F.3d 987, 992 (9th Cir.2002)).

In this circuit, federal plaintiff's claims may be barred under *Rooker-Feldman* even if they are brought against the state court opposing party, rather than the court or the judge. *See id.* at 772. In *Cooper*, a plaintiff came to federal court to complain of his state court opposing party's conduct, which he said caused the state court to deny him post-conviction DNA testing. The plaintiff's first claim, that the district attorney and a criminalist violated his procedural due process rights by submitting misleading and false information to the court in violation of 42 U.S.C. § 1983, was, according to the Ninth Circuit, "a pure horizontal appeal" of the state court's decision. *Id.* at 779. The complaint asserted that the plaintiff's injury was the state court's legal or factual errors, and the remedy he sought was a declaratory judgment that would give him relief from the state court judgment. *Id.* at 781.

The plaintiff's second and third claims were also barred under *Rooker-Feldman,* not because they were de facto appeals in their own right, but because

6

were inextricably intertwined with the first claim, which was a de facto appeal. *Id.* at 782-83. The plaintiff alleged that the district attorney and a criminalist conspired to violate his due process rights by submitting an expert declaration containing statements that were either false or misleading, and that the district attorney, criminalists, and police officers conspired to tamper with and falsify evidence presented in the criminal case in violation of substantive due process. *Cooper*, 704 F.3d 3d at 780-82; Compl., *Cooper v. Ramos*, 2:11-cv-03942-SVW-OP (C.D. Cal. filed May 6, 2011); *Cooper v. Ramos*, 2:11-cv-03942-SVW-OP (C.D. Cal. Nov. 10, 2011) (dismissal order). Even though the plaintiff sought monetary and punitive damages rather than declaratory or injunctive relief, the Ninth Circuit found that monetary relief would be "predicated upon a conviction that the state court was wrong" in its decision to deny testing, which was "directly tied [to]," or "part and parcel of" its decision to credit the allegedly defective declaration. *Id.* at 782-783*; see Pennzoil Co.*, 481 U.S. at 25 (Marshall, J., concurring).

Generally, there is no exception to *Rooker-Feldman* for claims of intrinsic fraud, or "misrepresentations" that go "to the very heart of the issues contested in the state court action." *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978). The Ninth Circuit and district courts have found that they have no jurisdiction over allegations of fraud by opposing parties where the alleged injury is the state court's erroneous decision. *See, e.g., id.* (finding intrinsic fraud where appellants urged that the state court judgment denying a motion to rescind a settlement agreement had been obtained by appellee's fraudulent misrepresentations); *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (finding that plaintiff alleged intrinsic fraud "at most" where he moved to set aside a judgment that was rendered in reliance on a perjured report and affidavit); *Gill v. CIT Bank, N.A.*, No. CV 17-00400 ACK-KSC, 2017 WL 6210282, at *5 (D. Haw. Dec. 8, 2017) (finding intrinsic fraud where federal court defendants allegedly

procured possession of a mortgaged property in state court through a false claim of title). Claims of extrinsic fraud by state-court opponents, or in other words, "conduct which prevents a party from presenting his claim in court," may be heard in federal court notwithstanding *Rooker-Feldman*. *Pellegrini v. Fresno Cnty.*, 742 F. App'x 209, 211 (9th Cir. 2018). The theory is that a plaintiff alleging extrinsic fraud by an opposing party is not alleging a legal error by the state court, but rather a wrongful act by the opposing party. *Kougasian*, 359 F.3d at 1140 (citing *Noel*, 341 F.3d at 1164). In *Cooper*, the Ninth Circuit barred claims of fraud involving state court opponents submitting misleading or false information to the state court, suggesting that such fraud was not extrinsic. 704 F.3d.

All of Mr. Church's causes of action, except for the ninth and the tenth, are squarely barred by *Rooker-Feldman* as de facto appeals of a state court decision. As the plaintiff in *Cooper* alleged that his opposing party's fraud and misrepresentation led the state court to an incorrect conclusion, Mr. Church sues his opposing counsel, the county, and the District Attorney and Public Defender's offices for coordinating with the state court where it threatened him with contempt for filing motions *in pro per*, ordered competency evaluations without basis, excluded favorable witnesses and evidence off the record, issued a premature Order to Show Cause, illegally retaliated against him by issuing a bench warrant and no-bail hold, and ordered his extradition. (ECF No. 5.) Mr. Church's complaint directly states that the state court erred in taking these actions, and implicates the other defendants in contributing to the state court's wrongful orders. (*Id.*) He requests declaratory relief on all counts. (*Id.*) The true object of Mr. Church's complaint is to obtain relief from allegedly improper state court orders, and the other defendants are allegedly liable insofar as they colluded with the state court to bring about the complained-of rulings. *See Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021). For example, Mr. Church's first cause of action seeks relief from retaliation in

violation of the First Amendment. (ECF No. 5 at 16.) Although it is stated against all defendants, the alleged acts of retaliation were Judge Breslow's threats of contempt at the December 5, 2024 hearings, his orders of psychiatric evaluations, his issuance of an order to show cause, his bench warrant, and his no-bail hold. (*Id.* at 16.) Mr. Church's third cause of action seeks relief from cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 20.) Although stated against all defendants, this cause of action also alleges that the acts constituting cruel and unusual punishment are Judge Breslow's --- namely, his no-bail hold and extradition orders. (*Id.* at 21.)

Only a portion of Mr. Church's claims are based upon alleged misrepresentations, but these are allegations of intrinsic rather than extrinsic fraud. In his sixth cause of action, Mr. Church says that Defendants fabricated their basis for a psychiatric evaluation, requests that the Court declare Defendant's actions as violative of Nevada's RICO statute, and that the Court prohibit further racketeering. (ECF No. 5 at 29.) The gravamen of this cause of action is that Judge Breslow improperly concluded that there was sufficient basis in the record to order psychiatric evaluations. Where perjury in state court leads to an alleged injury in the form of an erroneous judicial decision, it is more than a mere wrong by an opposing party. As such, it is intrinsic fraud that is properly barred under *Rooker-Feldman. See Kougasian*, 359 F.3d at 1140; *Green*, 577 F.2d at 1384.

Mr. Church's only claims that are not horizontal appeals of state court orders on their face are his ninth claim, spoilation of evidence, and his tenth, violation of FOIA and state public records laws. In his ninth claim, he alleges that all defendants, including Judge Breslow and the Second Judicial District Court, concealed, destroyed, or failed to preserve records, which undermined the integrity of the judicial process. (ECF No. 5 at 37.) As a consequence, "the unavailability of critical evidence significantly hindered Plaintiff's ability to

substantiate his claims [in state court] of constitutional violations, retaliation, and procedural misconduct," and "compromised the fairness and transparency of the judicial process, depriving Plaintiff of his right to a fair and impartial adjudication." (*Id.* at 38.) Mr. Church seeks declaratory relief, among other remedies. (*Id.*) In his tenth claim, Mr. Church maintains that all defendants "deprived him of critical evidence necessary to assert his legal and constitutional rights [in state court]" (*Id.* at 39), such as records related to off-the-record proceedings, communications between Defendants, and evidence of procedural misconduct. (*Id.* at 40.) In so doing, Defendants "obstructed Plaintiff's ability to obtain information essential to his legal defense and constitutional claims," and "hindered Plaintiff's ability to pursue accountability for misconduct and retaliation by Defendants." (*Id.* at 41.) Mr. Church seeks declaratory and injunctive relief, among other forms of relief. (*Id.* at 41-42.)

Viewed in context of the entire complaint, the public records charge and the spoilation of evidence charge are inextricably intertwined with Mr. Church's de facto appeals. In both causes of action, Mr. Church alleges that Defendants interfered with his efforts to obtain redress in state court for constitutional violations, retaliation, and procedural misconduct. Although he does not say what efforts he believes would have been stronger with the denied public records and evidence, he filed a "Motion for Sanctions Due to Prosecutorial Misconduct, Judicial Misconduct, Ineffective Assistance of Counsel, and Illegal Stonewalling of Motions," "Motion to Dismiss with Prejudice based on Systemic Constitutional Violations, Prosecutorial Misconduct, and Collusion; Request for Sanctions and Compensation," and "Motion for Sanctions Against Chief Deputy District Attorney Mary Kandaras for Professional Misconduct and Intimidation." (ECF Nos. 14-12, 14-13.) Judge Breslow struck these as *in pro per*. (ECF Nos. 14-12, 14-13.) At the hearing of December 5, 2024, Judge Breslow also told Mr. Church that he could be held in contempt for filing more motions *in pro per* (ECF No. 14-19),

which Mr. Church has alleged was an improper threat. (ECF No. 5 at 1). In essence, Mr. Church claims that he should have been able to support motions that the state court struck. The ninth and tenth causes of action are inextricably intertwined with the eighth, through which he seeks declaratory and injunctive relief on the basis that all "Defendants systematically struck or ignored Plaintiff's pro se motions…. This suppression was calculated to obstruct Plaintiff's ability to raise critical constitutional and procedural issues in his defense." (*Id.* at 36-37.) The ninth and tenth causes of action are useful to Mr. Church insofar as he successfully obtains a judgment that the state court's decision to strike the *in pro per* motions were erroneous; through these three causes of action together, Mr. Church asks a federal court to "effectively reverse the state court decision or void its ruling" on the motion to strike. *See Cooper*, 704 F.3d at 779 (quoting *Fontana*, 307 F.3d at 992).

### IV. Mr. Church's habeas petition is improperly filed.

Mr. Church has filed a petition for a writ of habeas corpus. (ECF No. 19.) In his petition, he alleges that his custody and conditions of custody violate his constitutional and other rights. He requests immediate release, or in the alternative, a prompt bond hearing before a neutral adjudicator, appointed counsel, and an injunction against the jail and officers to cease obstructing his access to the courts.

Mr. Church cannot pursue habeas relief in a Section 1983 case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would

necessarily demonstrate the invalidity of confinement or its duration"). Because the operative complaint in this case alleges constitutional violations under Section 1983, Mr. Church may not maintain his habeas petition in this action. He may file his habeas petition as a separate case.

## V.   Conclusion

It is therefore ordered that Defendants' motion to dismiss (ECF No. 14) is GRANTED and Plaintiff's amended complaint (ECF No. 5) is dismissed without prejudice.

Plaintiff's Petition for Habeas Corpus (ECF No. 19) is DENIED.

Plaintiff's Motion for Emergency Relief Pending Habeas Review (ECF No. 20) is DENIED AS MOOT.

Plaintiff's Motion for Permission to use Laptop for Self-Representation (ECF No. 21) is DENIED AS MOOT.

Plaintiff's Emergency Motion for Temporary Restraining Order and Stay of State Proceedings (ECF No. 33) is DENIED AS MOOT.

Plaintiff's Motion to Vacate Minute Order dismissing Certain Defendants and to Extend Time for Service (ECF No. 40) is DENIED AS MOOT.

Plaintiff's Motion for Judicial Notice, Expedited Rulings, Written Findings, Disqualification, and Certification of Record for Federal Review (ECF No. 42) is DENIED AS MOOT.

Plaintiff's Motion for Sanctions and Corrective Order (ECF No. 43) is DENIED AS MOOT.

DATED: December 30, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE