**CAMERON DOYLE CHURCH**
Plaintiff, Pro Se
1605 McKinley Dr.
Reno, NV 89509
(775) 420-8577
Madeinreno775@gmail.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **CAMERON DOYLE CHURCH,**<br>Plaintiff,<br><br>v.<br><br>**BARRY BRESLOW, et al.,**<br>Defendants. | Case No. **3:24-cv-00579-ART-CSD**<br><br>**PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS** |

### I. PURPOSE AND POSTURE

This memorandum identifies **structural constitutional defects** that render the state criminal proceeding in Case No. CR23-0657 **void ab initio**, explains why doctrines of abstention and immunity do not apply, and requests **specific written findings** correcting or justifying the Court's actions under controlling law.

This filing is not submitted out of confusion. It is submitted out of **adherence to the written law** and to ascertain how this Court understands and applies binding constitutional standards. Where the law requires findings, silence is error. Where the law requires application, recharacterization is impermissible.

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 1

## II. STRUCTURAL ERROR: THE PROCEEDING IS VOID, NOT MERELY FLAWED

Structural error compromises the **framework of adjudication itself**. It is not subject to harmless-error review, waiver, or deference. When present, there is **no valid state process** to defer to, abstain in favor of, or insulate.

### A. Prolonged Speedy-Trial Deprivation (Structural)

The Sixth Amendment speedy-trial right prevents the State from exercising power through delay. Under **Barker v. Wingo** and **Doggett v. United States**, where delay is extreme, unjustified, repeatedly asserted against, and prejudicial, the **injury is complete**. The harm is the continuation of prosecution itself.

A prosecution that persists for years without trial or adjudication—despite repeated assertion—**vitiates the legitimacy of the proceeding**. There is nothing constitutionally adequate to which abstention may attach.

### B. Weaponized Competency Proceedings (Structural)

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 2

Competency safeguards protect due process; they may not be used to **suppress advocacy** or suspend adjudication once competence is established. Under **Dusky v. United States**, continued suspension absent bona fide doubt and new evidence is impermissible.

Here, the record reflects:

- initiation of a competency detour following protected advocacy and requests for self-representation;
- **confirmation of competence** by court-ordered evaluators;
- continuation and escalation of the competency process **after competence was confirmed**.

Once Dusky competence is found, continued competency cycling ceases to be protective and becomes **punitive and suppressive**, destroying the adversarial framework. That defect is structural.

**C. Representation Void and Denial of Self-Representation (Structural)**

The Sixth Amendment guarantees either **effective counsel** or **self-representation** under **Faretta v. California**.

The record establishes:

- repeated requests to proceed pro se;
- counsel withdrawal due to strategic disagreement;

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 3

- refusal to permit self-representation;
- refusal to restore functional representation;
- striking of pro se filings with contempt threats.

This produced a **representation void**—neither counsel nor autonomy. A court that bars speech, filings, and representation is not adjudicating. It is exercising power without process. That is structural error.

### III. PREMATURE OSC AND WARRANT: ENFORCEMENT BEFORE COMPLIANCE WAS DUE

The competency order set a review hearing for **February 25**. Notwithstanding that schedule, the Court issued an **Order to Show Cause** and a **warrant** for alleged non-compliance by **December 19**—more than two months **before** the compliance date.

Issuing coercive process **before the compliance window closes** is not enforcement; it is **pretext**. Once coercive enforcement is triggered prior to the compliance deadline, the underlying order loses any claim to legitimacy. From that moment forward, the proceeding is no longer remedial; it is punitive.

### IV. ARMED FEDERAL–STATE ESCALATION DURING A VOID DETOUR

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 4

### A. February 11 Armed Swarm and Tactical Escalation

Following the premature warrant, Plaintiff was targeted by **U.S. Marshals and state officers**. On **February 11**, officers in **plain clothes** arrived in **unmarked vehicles**, exited with **weapons drawn**, and **swarmed** Plaintiff outside his residence when he stepped out to meet service providers. No officer identified Plaintiff, presented a warrant, or stated a lawful basis for detention.

Plaintiff retreated inside. Officers **surrounded the home**, **called a tactical response**, and **summoned media**, then **withdrew without arrest**.

This is not routine execution of process. Armed show-of-force tactics to compel compliance with a **competency evaluation**—particularly where no exigency exists—are **categorically disproportionate**. Competency statutes authorize evaluation, not militarized apprehension.

### B. Federal Knowledge Confirms Improper Coordination

On **February 21**, Plaintiff spoke with a **U.S. Marshals supervisor**, who confirmed familiarity with Plaintiff's case—**state and federal**—yet refused to provide his name again, declined to route Plaintiff to a supervisor, and stated that any in-person discussion would result in arrest. The conversation was recorded.

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 5

Federal officers do not acquire operational knowledge of a state competency detour absent **inter-agency coordination**. Where such coordination is used to effect coercive compliance **before** a compliance hearing, the conduct ceases to be adjudication and becomes **joint suppression**.

### C. Digital Entrapment and the April 18 GPS Assertion

During this same period, officers created a **false social-media profile** to **lure Plaintiff into a public place** for arrest. Screenshots and messages are preserved.

On **April 18**, the prosecution filed a motion asserting that, with the assistance of **U.S. Marshals**, a **GPS tracker** was installed on a **vehicle associated with Plaintiff**—not Plaintiff's vehicle—despite officers knowing Plaintiff had not left his residence and was actively attempting to communicate with the courts.

Tracking a person the State knows the location of, during a competency detour, via a tracker on a third-party vehicle, is not investigation; it is **containment**.

### V. CUSTODIAL COERCION AND DISMISSAL OF EMERGENCY FEDERAL RELIEF

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 6

Plaintiff was ultimately taken into custody pursuant to the premature warrant, resulting in **110 days of incarceration** to compel participation in a competency evaluation—**before** the scheduled review hearing.

During this custody, the federal court dismissed Plaintiff's **TRO** for alleged failure of service, notwithstanding the State's actual knowledge of the suit through emails and attachments in state filings, and notwithstanding the practical impossibility of service while Plaintiff was detained under a warrant known to all parties.

Dismissal of emergency relief during custodial coercion compounds the structural error and insulates pretextual enforcement from review.

## VI. POST-HOC CONFIRMATION OF COMPETENCE RENDERS THE DETOUR UNLAWFUL AB INITIO

The competency process ultimately **confirmed competence**. That confirmation retroactively exposes the detour as **unnecessary**.

When a defendant is competent, continued suspension, coercion, or punishment to compel evaluation is **ultra vires**. The 110-day incarceration, added bail conditions, gag orders, and continued denial of self-representation that followed are fruits of a **void process** and cannot be cured by later findings.

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 7

## VII. DOCTRINAL CONSEQUENCES

### A. Rooker–Feldman Is Inapplicable; Miroth Controls

Rooker–Feldman applies only if (1) the injury is a state-court legal error and (2) the relief sought would reverse or void a final judgment. **Both elements are mandatory.** See **Exxon Mobil Corp. v. Saudi Basic Industries Corp.**; **Noel v. Hall**.

**Miroth v. County of Trinity** forbids recharacterizing **actor-misconduct and structural-deprivation claims** as de facto appeals. Here, the injury is independent of any judgment, and the relief sought does not require reversal. Recharacterization is impermissible.

### B. Younger Abstention Fails Under Sprint and Bad-Faith Exceptions

After **Sprint Communications, Inc. v. Jacobs**, Younger applies only to narrow categories and only where the forum is adequate. Younger's **bad-faith/harassment** exception applies where adverse actions follow protected conduct and the forum is functionally closed.

A forum that issues premature warrants, deploys armed enforcement, bars filings, and maintains a representation void is **not adequate**.

### C. Immunity Does Not Apply to Non-Adjudicative, Ultra Vires Acts

Immunity is not jurisdictional and does not excuse failure to apply governing standards.

- **Judicial immunity** does not protect administrative or coercive acts taken outside lawful authority. See **Forrester v. White**; **Stump v. Sparkman** (limits).
- **Prosecutorial immunity** does not cover retaliatory, investigative, or administrative conduct outside advocacy. See **Buckley v. Fitzsimmons**; **Imbler v. Pachtman** (limits).

Militarized enforcement of a competency detour, digital entrapment, premature warrants, and tracking are **non-adjudicative**. Immunity fails.

## VIII. BIAS AND COLLUSION: ADJUDICATION VS. COORDINATED SUPPRESSION

Bias is established where:

- adverse actions follow protected conduct;
- required findings are absent;
- neutral adjudication is replaced with procedural containment.

Collusion need not be conspiratorial; it exists where independent actors **cease to check one another** and function as a unified mechanism suppressing rights. The record reflects **alignment against adjudication**, not neutral decision-making.

## IX. FEDERAL INTERVENTION IS NECESSARY

Federal courts exist to correct state failures of constitutional magnitude. Where:

- structural error voids the proceeding,
- abstention doctrines fail,
- immunity does not apply,
- and state courts refuse to restore process,

**federal intervention is mandatory**, not intrusive.

---

### X. REQUEST FOR CORRECTIVE FINDINGS (RULE 52(b))

Plaintiff respectfully requests **specific written findings** addressing:

1. How a warrant may lawfully issue **before** the compliance hearing date on a competency order;
2. What authority permits **armed federal–state enforcement** to compel a competency evaluation absent exigency;
3. Why federal officers possessed operational knowledge of a state competency matter;
4. The lawful basis for **digital entrapment** and **GPS tracking** during a competency detour;
5. Why incarceration to compel evaluation is permissible where competence is later confirmed;
6. Whether the Court contends these actions remain adjudicative and immune, and the authority relied upon;

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 10

7. Whether constitutional standards governing due process, speedy trial, and self-representation **do not apply in this district**, and the authority for any such departure.

If Plaintiff's understanding is incorrect, **clarification with citations** will resolve the issue. If it is correct, **correction is required**.

### XI. FINAL STATEMENT

No office, seat, or jurisdiction outranks the Constitution. If the governing rules and precedents do not apply here, that departure must be stated plainly and justified in writing. If they do apply, they must be enforced.

Plaintiff requests **law, not deference; findings, not silence; adjudication, not containment**.

Respectfully submitted,

January 8, 2026

/s/ Cameron Doyle Church
**CAMERON DOYLE CHURCH**
Plaintiff, Pro Se
1605 McKinley Dr.
Reno, NV 89509
(775) 420-8577
Madeinreno775@gmail.com

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 11

# CERTIFICATE OF SERVICE

I hereby certify that on **January 8, 2026**, I electronically filed the foregoing **Plaintiff's Motion to Alter or Amend Judgment Based on Jurisdictional Mischaracterization and for Claim-Specific Findings (Fed. R. Civ. P. 59(e) & 52(b))** with the Clerk of the Court using the CM/ECF system.

I further certify that all parties in this action are registered CM/ECF users and that service was accomplished by electronic filing through the CM/ECF system.

Respectfully submitted,

/s/ Cameron Doyle Church

**CAMERON DOYLE CHURCH**

Plaintiff, Pro Se

1605 McKinley Dr.

Reno, NV 89509

(775) 420-8577

Madeinreno775@gmail.com

PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS - 12