BRANDON R. PRICE
Deputy District Attorney
Nevada State Bar Number 11686
TRENTON D. ROSS
Deputy District Attorney
Nevada State Bar No. 15627
One South Sierra Street
Reno, NV 89501
brprice@da.washoecounty.gov
tdross@da.washoecounty.gov
(775) 337-5700

ATTORNEYS FOR WASHOE COUNTY,
WASHOE COUNTY DISTRICT ATTORNEY'S
OFFICE, WASHOE COUNTY PUBLIC
DEFENDER'S OFFICE, AZIZ MERCHANT

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAMERON DOYLE CHURCH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BARRY BRESLOW, et al.<br><br>　　　　Defendants.<br>_____ / | Case No. 3:24-cv-00579-ART-CSD<br><br>**OPPOSITION TO PLAINTIFF'S STANDALONE MEMORANDUM OF STRUCTURAL ERROR, LOSS OF IMMUNITY, AND REQUEST FOR CORRECTIVE FINDINGS (ECF No. 51)** |

Defendants Washoe County, Washoe County District Attorney's Office, Washoe County Public Defender's Office, and Aziz Merchant (collectively "County Defendants"), by and through counsel, file this Opposition to Plaintiff's Standalone Memorandum of Structural Error, Loss of Immunity, and Request for Corrective Findings ("Motion") (ECF No. 51).

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court granted County Defendants' motion to dismiss (ECF No. 14) on December 30, 2025. ECF No. 49, 8:23-26. Plaintiff's motion asks the Court for seven written findings under Federal Rule of Civil Procedure ("FRCP") 52(b). On a party's

-1-

1  motion under FRCP 52(b), "the court may amend its findings—or make additional
2  findings—and may amend judgment accordingly." Fed. R. Civ. P. 52(b).  The decision to
3  amend findings is within the court's discretion.  Wilson v. Biomat USA, Inc., No. 2:10-
4  CV-01657-GMN, 2012 WL 4498224, at *2 (D. Nev. Sept. 28, 2012).

5  The Court should deny the motion because it is an improper use of FRCP 52(b).
6  That provision concerns amendments of findings after entry of judgment and that is not
7  the situation here.  Id. Additionally, Plaintiff's motion asks the Court seven questions
8  rather than outlining any qualifying event that could permit reconsideration. A motion
9  to amend a court's factual and legal findings is properly denied where the proposed
10 additional facts would not affect the outcome of the case or are immaterial to the court's
11 conclusions. Weyerhaeuser Co. v. Atropos Island, 777 F.2d 1344, 1352 (9th Cir.1985).

12 Here, Plaintiff's motion asks the Court to answer seven questions that he believes
13 must be answered. The Court should deny the motion because the matters raised in the
14 questions do not affect the Court's conclusions in its Order granting the Defendants'
15 Motion to Dismiss (ECF No. 49).

16 **I.      Conclusion**

17 For the reasons stated above, the Court should deny Plaintiff's motion.  The
18 motion is procedurally improper and it seeks clarification on items the Court did not
19 deem material to its conclusions in its previous orders.

20 Dated this 22nd day of January, 2026.

CHRISTOPHER J. HICKS
District Attorney

By   /s/ Trenton D. Ross
BRANDON R. PRICE
Deputy District Attorney
TRENTON D. ROSS
Deputy District Attorney

ATTORNEYS FOR COUNTY
DEFENDANTS

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

CAMERON DOYLE CHURCH
1605 MCKINLEY DRIVE
RENO, NV 89509

Dated this 22nd day of January, 2026.

/s/ S. Haldeman
S. Haldeman

-3-