1 | BRANDON R. PRICE
Deputy District Attorney
2 | Nevada State Bar Number 11686
TRENTON D. ROSS
3 | Deputy District Attorney
Nevada State Bar No. 15627
4 | One South Sierra Street
Reno, NV 89501
5 | brprice@da.washoecounty.gov
tdross@da.washoecounty.gov
6 | (775) 337-5700

7 | ATTORNEYS FOR WASHOE COUNTY,
WASHOE COUNTY DISTRICT ATTORNEY'S
8 | OFFICE, WASHOE COUNTY PUBLIC
DEFENDER'S OFFICE, AZIZ MERCHANT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CAMERON DOYLE CHURCH,

    Plaintiff,

vs.

BARRY BRESLOW, et al.

    Defendants.
_____/

Case No. 3:24-cv-00579-ART-CSD

**OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT BASED ON JURISDICTIONAL MICHARACTERIZATION AND FOR CLAIM-SPECIFIC FINDINGS (ECF No. 50)**

Defendants Washoe County, Washoe County District Attorney's Office, Washoe County Public Defender's Office, and Aziz Merchant (collectively "County Defendants"), by and through their counsel, file this Opposition to Plaintiff's Motion to Alter or Amend Judgment based on Jurisdictional Mischaracterization and for Claim-Specific Findings ("Motion") (ECF No. 50).

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.       **Introduction**

The Court granted the County Defendants' motion to dismiss (ECF No. 14) on December 30, 2025, because "[t]he true object of Mr. Church's complaint is to obtain relief from allegedly improper state court orders, and the other defendants are allegedly liable insofar as they colluded with the state court to bring about the complained-of rulings." ECF No. 49, 8:23-26. In the order, the Court explained why the *Rooker-Feldman* doctrine applies and how each claim is a de facto appeal or inextricably intertwined with the de facto appeals. Plaintiff now seeks to compel the Court to "correct" the order because he believes the Court did not make required findings. Plaintiff's motion fails to provide a sufficient legal basis to demonstrate a "manifest error of law." Further, the motion also fails to comply with Local Rule 7-3(b). For these reasons, the Court should deny Plaintiff's motion.

II.       **Argument**

On a party's motion under Federal Rule of Civil Procedure ("FCRP") 52(b), "the court may amend its findings—or make additional findings—and may amend judgment accordingly." Fed. R. Civ. P. 52(b). Similarly, FRCP 59(e) vests district courts with discretion to amend a prior judgment upon motion. Turner v. Burlington Northern Santa Fe. R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). Motions made under FRCP 52(b) are generally considered under the same standard as FRCP 59(e). Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 997-98 (9th Cir. 2001).

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." Turner, 338 F.3d at 1063 (citations, internal

1  quotation marks, and emphasis omitted). Rule 59(e) is an extraordinary remedy that is
2  "to be used sparingly in the interests of finality and conservation of judicial resources."
3  Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations and
4  internal quotation marks omitted).

5  The local rules permit reconsideration "when (1) there is newly discovered
6  evidence that was not available when the original motion or response was filed, (2) the
7  court committed clear error or the initial decision was manifestly unjust, or (3) if there is
8  an intervening change in controlling law." LR 59-1.

9  Here, Plaintiff's motion fails to meet any of these grounds. Plaintiff fails to present
10 newly discovered evidence that was previously unavailable, to demonstrate that the
11 Court committed clear error in its ruling, to demonstrate that the decision was unjust, or
12 otherwise demonstrated an intervening change in controlling law. Plaintiff contends that
13 there is "manifest legal error because [the order dismissing] treats twelve distinct,
14 constitutionally grounded causes of action as a single, global appeal." ECF No. 50 at 6:15-
15 16. Plaintiff alleges the Court did not sufficiently address his claims to warrant dismissal
16 under the *Rooker-Feldman* doctrine. This does not constitute a clear legal error. A
17 determination is "clearly erroneous" only in the limited circumstances where a
18 reviewing court is "left with the definite and firm conviction that a mistake has been
19 committed." Wilson v. Biomat USA, Inc., No. 2:10-CV-01657-GMN, 2012 WL 4498224, at
20 *2 (D. Nev. Sept. 28, 2012).  Instead, Plaintiff simply takes issue with the manner in which
21 the Court drafted its order. Nevertheless, Plaintiff's assertion is incorrect as the Court did
22 explain how each claim was a de facto appeal or inextricably intertwined with the de
23 facto appeals.

24 Plaintiff also contends that the Court's order does not comply with Miroth v. Cnty.
25 of Trinity, 136 F.4th 1141, (9th Cir. 2025) alleging that the Court did not make proper
26 findings. ECF No. 50 at 10. In Miroth, the Ninth Circuit said the plaintiff's claims were

1  not barred by *Rooker-Feldman* because the claims did not assert "an allegedly erroneous
2  decision by a state court" as a legal wrong. 136 F.4th at 1151. Unlike the district court in
3  <u>Miroth</u>, this Court found that Plaintiff's complaint alleges injury from an erroneous
4  decision by the state court. ECF No. 49 at 8:20-26. The Court then examined each claim
5  explaining how each claim is a de facto appeal or inextricably intertwined with a de facto
6  appeal. <u>Id</u>. at 8:27-11:13. Therefore, the Court's order does not contain a "manifest legal
7  error" and the Motion should be denied.

**III.   Conclusion**

The Court should deny Plaintiff's Motion because for the reasons discussed above Plaintiff fails to demonstrate that the Court made a "manifest legal error" to permit an alter or amendment of the Court's order dismissing.

Dated this 22nd day of January, 2026.

CHRISTOPHER J. HICKS
District Attorney

By ___/s/ Trenton D. Ross
BRANDON R. PRICE
TRENTON D. ROSS
Deputy District Attorney
One South Sierra Street
Reno, NV  89501
brprice@da.washoecounty.gov
tdross@da.washoecounty.gov
(775) 337-5700

ATTORNEYS FOR DEFENDANTS,
WASHOE COUNTY, WASHOE COUNTY
DISTRICT ATTORNEY'S OFFICE,
WASHOE COUNTY PUBLIC
DEFENDER'S OFFICE, AZIZ MERCHANT

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Office of the District Attorney of Washoe County, over the age of 21 years and not a party to nor interested in the within action. I certify that on this date, I deposited for mailing in the U.S. Mails, with postage fully prepaid, a true and correct copy of the foregoing document in an envelope addressed to the following:

CAMERON DOYLE CHURCH
1605 MCKINLEY DRIVE
RENO, NV 89509

Dated this 22nd day of January, 2026.

/s/ S. Haldeman
S. Haldeman