UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CAMERON DOYLE CHURCH,

Plaintiff,

v.

BARRY BRESLOW, et al.,

Defendants.

Case No. 3:24-cv-00579-ART-CSD

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

(ECF Nos. 50, 56, 57)

Plaintiff Cameron Church sues Defendants on a variety of constitutional, statutory, and tort claims relating to Mr. Church's criminal process in state court, *State v. Church,* CR23-0657 (Nev. 2nd Jud. Dist. Ct. filed Mar. 17, 2023). (ECF No. 5.) On December 30, 2025, the Court issued an order ("the Dismissal Order") granting Defendants' motion to dismiss, concluding that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (ECF No. 49.) Now before the Court is Mr. Church's motion to alter or amend the judgment (ECF No. 50), which he followed up with subsequent motions seeking resolution of the former (ECF Nos. 56, 57). For the reasons discussed below, the Court denies the motions.

## I. BACKGROUND

As outlined in the Dismissal Order (ECF No. 49 at 1-4), this action arises from a state court criminal proceeding in which Mr. Church was charged with Grand Larceny of a Motor Vehicle in violation of NRS 205.228 and Unlawful Taking of a Motor Vehicle in violation of NRS 205.2715. (ECF No. 14-3.) Mr. Church initiated this federal court action to challenge various aspects of that proceeding, alleging twelve causes of action for constitutional violations, federal and state RICO violations, intentional infliction of emotional distress, obstruction of justice, spoilation of evidence, and violations of public records laws. (ECF No. 5.) Most of these claims centered around alleged misconduct by Judge Barry

Breslow of the Second Judicial District Court. Specifically, Mr. Church alleged that Judge Breslow acted unlawfully by: threatening him with contempt for filing *pro se* motions, granting motions to strike those filings, ordering a competency evaluation without basis, and excluding favorable witnesses and evidence in an off-the-record proceeding. (*Id.*) Mr. Church also alleged that Judge Breslow's order to show cause for Mr. Church's noncompliance with the prior order for a competency evaluation was premature and that the bench warrant and no-bail hold, issued subsequent to Mr. Church's failure to attend the hearing on the order to show cause, were illegal retaliation for filing the instant federal lawsuit. (*Id.*) He further alleged that his defense counsel, Galen Carrico, provided ineffective assistance of counsel and that all other defendants colluded with Judge Breslow to deprive him of his rights or otherwise obstruct the state court proceedings. (*Id.*) Mr. Church sought compensatory, punitive, and treble damages, declaratory and injunctive relief, sanctions against defendants, and adverse inference jury instructions regarding spoliated evidence. (*Id.*)

Defendants filed a motion to dismiss on several grounds, including that Mr. Church's claims were barred under the *Rooker-Feldman* doctrine. (ECF No. 14 at 8-11.) Before the Court ruled on that motion, Mr. Church's claims against Judge Breslow and several other parties were dismissed for lack of service. (ECF No. 39.) The Court then ruled on the motion to dismiss as to the remaining defendants: Washoe County, the Washoe County Public Defender's Office, the Washoe County District Attorney, and Deputy District Attorney Aziz Merchant. (ECF No. 49.) The Court dismissed Mr. Church's complaint in full, concluding that it lacked subject-matter jurisdiction over the claims under *Rooker-Feldman.* (*Id.* at 5-11.) Mr. Church then filed the present motion to alter or amend that judgment. (ECF No. 50.) He later filed additional motions and memoranda supporting the original and requesting prompt resolution. (ECF Nos. 56, 57.)

## II. LEGAL STANDARD

The Court first clarifies the proper procedural rule and substantive standard governing Mr. Church's motion, which he styles as a motion under Federal Rules of Civil Procedure 52(b) and 59(e). (ECF No. 50.) "Motions seeking reconsideration of case-dispositive orders are governed by Fed. R. Civ. P. 59 or 60." LR 59-1; *cf. Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)) (applying Rules 59 and 60 to a motion for reconsideration of summary judgment). Rule 52, on the other hand, applies only where a court has issued findings or conclusions after trial. *See* Fed. R. Civ. P. 52(a). Rule 52 is thus inapplicable here and the Court elects to treat Mr. Church's motion as arising purely under Rule 59(e).

Because the Court's order dismissing Mr. Church's claims was issued on December 30, 2025 (ECF No. 49) and Mr. Church filed his motion on January 8, 2026 (ECF No. 50), it is timely under Rule 59(e). Fed. R. Civ. P. 59(e) (requiring such motions to be filed no more than 28 days after the entry of the judgment). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). For that reason, "[a] district court may grant a Rule 59(e) motion [only] if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. ANALYSIS

In his motion, Mr. Church argues that the Court committed clear legal error

by misapplying the *Rooker-Feldman* doctrine to conclude that it lacked subject-matter jurisdiction over his claims. (ECF No. 50 at 1-3.) Defendants respond that Mr. Church's arguments fail to show clear error in the Court's *Rooker-Feldman* analysis that would warrant reconsideration under the Rule 59(e) standard and that he instead takes issue only with how that analysis was presented. (ECF No. 53 at 3.) Based on the below discussion, viewed alongside the Dismissal Order's application of *Rooker-Feldman* (ECF No. 49 at 5-11), the Court concludes that it did not commit clear error.

The Court previously concluded that all but two of Mr. Church's claims were improper de facto appeals of state court matters because they ultimately depended on the Court declaring unconstitutional or without legal basis several allegedly retaliatory orders issued by Judge Breslow. (ECF No. 49 at 8-9.) As for the remaining two claims, the Court concluded that they were inextricably intertwined with Mr. Church's assertion that Judge Breslow erroneously granted motions to strike his *pro se* filings. (*Id.* at 9-11.) The crux of Mr. Church's argument now is that the Court's analysis erroneously treated his entire federal action as a de facto appeal and neglected to apply the two-prong *Rooker-Feldman* test as stated in *Miroth v. County of Trinity*, 136 F.4th 1141 (9th Cir. 2025).[1] (ECF No. 50 at 4.) Mr. Church requests that the Court expressly apply that two-prong formula to each of his claims to show that each is barred. (*Id.* at 5-6.)

While Mr. Church is correct that the Dismissal Order did not cite *Miroth*, both the Dismissal Order and *Miroth* derive their articulation of the *Rooker-Feldman* doctrine from the Ninth Circuit's "seminal decision" in *Noel*, which states that *Rooker-Feldman* applies where a federal plaintiff (1) alleges that the state court committed a legal wrong, and (2) seeks relief from that judgment. *Compare*

---

[1] The Court notes that Mr. Church's filings repeatedly provide quotes that do not appear within the Dismissal Order. (E.g., ECF No. 50 at 4, 7-9.) Mr. Church is advised that quotation marks in legal filings should only be used to quote directly, not as approximations of a source's text.

*Miroth*, 136 F.4th at 1148 (taking these elements from *Noel*), *with* ECF No. 49 at 5-6 (same). Mr. Church argues that his claims do not satisfy this two-prong analysis because he "did not request vacatur, reversal, or modification of any state-court order" and thus did not seek relief from any state court rulings. (ECF No. 50 at 1.) This assertion is belied by his amended complaint. (ECF No. 5.)

Starting with the first prong, the complaint alleged that the state court committed numerous legal wrongs. Within the first cause of action, alleging retaliation in violation of the First Amendment by all Defendants, Mr. Church asserted that, among other things, Judge Breslow baselessly suppressed his advocacy by striking his *pro se* filings (ECF Nos. 14-12, 14-13), the order for a competency evaluation (ECF No. 14-15) was "unsupported," the order to show cause (ECF No. 14-16) was "procedurally defective," and the bench warrant for Mr. Church's arrest (ECF No. 14-18) had "no legitimate judicial purpose." (ECF No. 5 at 16-17.) He asked the Court to declare the issuance of those orders as unconstitutional and to grant injunctive relief to prevent Judge Breslow from further suppressing his advocacy. (*Id.* at 18.) Eight of Mr. Church's other claims rested on similar allegations that the state court's actions were legally unsupported: the third claim asserted that Judge Breslow's imposition of a no-bail hold was unsupported by evidence or "any legitimate judicial or penological interests" (*id.* at 21-22); the fourth claim repeated that Judge Breslow ordered a competency hearing "without any legitimate basis" (*id.* at 24); the fifth and sixth claims asserted a racketeering scheme involving illegitimate retaliatory orders and striking of Mr. Church's pro se motions (*id.* at 26-32); the seventh claim asserted intentional infliction of emotional distress based on "baseless" warnings that Mr. Church would be held in contempt if he continued filing pro se motions despite being told to file only through counsel (*id.* at 32); the eighth claim asserted that the striking of those motions was unlawful obstruction (*id.* at 35-36); and the eleventh and twelfth repeated similar claims against the state court (*id.* at 42-

47). Despite most claims being levied against all Defendants, each was framed in large part around specific state court orders. The Dismissal Order thus properly interpreted these grievances as assertions "that the state court erred in taking these actions." (ECF No. 49 at 8.)

Turning to the second prong, the complaint clearly sought relief from these state court rulings. Most notably, the eleventh cause of action—alleging judicial bias and fraud on the court by Judge Breslow—explicitly listed as requested relief "vacatur of rulings tainted by fraud on the court," in reference to the various orders listed above. (ECF No. 5 at 44). Furthermore, six of the eleven[2] causes of action—the first, third, fourth, eighth, eleventh, and twelfth—sought declaratory relief that the actions of Defendants, including Judge Breslow, were "unconstitutional." (*Id.* at 18, 23, 26, 37, 44, 47). An additional three causes of action—the fifth, sixth, and seventh—sought declaratory relief that the Defendants' actions were unlawful. (*Id.* at 29, 32, 34). By seeking to vacate specific state court orders or have them declared unconstitutional or unlawful, Mr. Church necessarily sought to invalidate them and, it follows, to evade being bound by them. It was thus not clear error for the Court to conclude that these nine claims were forbidden de facto appeals barred at least in part under *Rooker-Feldman.* (ECF No. 49 at 8-9.) Nor was it clear error to conclude that the remaining claims—the ninth and tenth—were also barred as a result of being "inextricably intertwined" with the de facto appeals presented in Mr. Church's related obstruction claim and throughout his complaint. (*Id.* at 9-11.) *See, e.g. Cooper v. Ramos*, 704 F.3d 772, 781-83 (2012) (applying *Rooker-Feldman* where

---

[2] The complaint lists twelve causes of action. (ECF No. 5.) Because Defendant Galen Carrico was dismissed earlier in the case (ECF No. 39), the second claim—brought against Carrico alone for ineffective assistance of counsel—was necessarily knocked out before the Dismissal Order. *Cf. Florio v. Vista Pac. Holdings*, No. 2:11–cv–01991–MMD–RJJ, 2012 WL 3023265, at *8 (D. Nev. July 24, 2012) ("As no Defendants remain after this dismissal, the Court dismisses this [claim].").

the plaintiff's § 1983 claims of conspiracy involving adverse parties were inextricably intertwined with a forbidden de facto appeal of a state court decision).

For these reasons, the Court concludes that Mr. Church has failed to show that reconsideration of the Dismissal Order is warranted.[3]

## IV. CONCLUSION

It is therefore ordered that Mr. Church's motion to alter or amend the judgment (ECF No. 50) is DENIED.

It is further ordered that Mr. Church's later motions requesting disposition of his pending post-judgment motion (ECF Nos. 56, 57) are DENIED AS MOOT.

Dated this 21st day of September 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

[3] Mr. Church filed numerous supplemental documents alleging additional facts beyond those contained in his amended complaint. (E.g., ECF No. 51.) This order addresses a motion for reconsideration of the order addressing a motion to dismiss; at this stage, courts "may not consider material outside the pleadings." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).